THE STATE OF KANSAS v. L. R. YATES.

1. CRIMINAL PROSECUTION — *Changing Plea — Discretion of Court.* The
·rule is, that where a defendant has pleaded guilty in a criminal cause,
and sentence has been passed upon him, it is within the sound dis-
cretion of the trial court to permit the plea to be withdrawn, and to
allow a plea of not guilty entered. If the court abuses its discretion,
error may be assigned therefor.

2. PROHIBITORY LIQUOR LAW — *Withdrawal of Plea, Refused.* Where a
defendant, being an intelligent person and the owner of a drug
store, was charged with an offense under the prohibitory liquor law,
punishable by a fine of not less $100 or more than $500, or by im-
prisonment in the county jail not less than 30 days or more than
six months, and was represented in court by able counsel, and upon
arraignment pleaded guilty, and was sentenced to pay $300 fine and
costs, and also to be committed to the county jail until the fine and
costs were paid, and the next day presented his motion to the court
to retract his plea of guilty, upon the ground of the misconduct of
the prosecuting attorney in inducing him to enter a plea of guilty,
under the belief that he would be sentenced to pay a fine of $100
only, and upon the hearing of the motion it was shown that no defi-
nite promise was made by the county attorney to the defendant or
his attorneys, or to any one for him, and that such attorney did not
urge the defendant or his attorneys to enter a plea of guilty, but
that, from an interview between the county attorney and one or two
of the friends of the defendant, it was understood by them and so
communicated to the defendant that if he pleaded guilty he would
be sentenced to pay a fine of $100 only, *held,* that the refusal to
permit the defendant to withdraw his plea was not an abuse of sound
discretion of the trial court.

*Appeal from Brown District Court.*

ON the 13th day of February, 1893, there was filed an
information against *L. R. Yates,* charging him in several
different counts with having violated the prohibitory liquor
law in his drug store in the city of Hiawatha. After Yates
was arrested, he moved to quash the warrant. This motion
was overruled at the February term, 1893, and the cause con-
tinued to the May term, Yates being required to give a re-
cognizance in the sum of $1,000.

At the May term, 1893, the county attorney filed an

amended information, charging Yates with keeping a place where intoxicating liquors were received and kept for the purpose of use, gift, barter and sale as a beverage. Yates, being required to plead to this amended information, pleaded guilty. The trial court sentenced him to pay a fine of $300 and costs, and to be committed to the jail of Brown county until the fine and costs were paid. On the next day, Yates filed his two several motions to set aside his plea of guilty and to grant a new trial. In the first, he alleged he was induced to do so upon the promise of the county attorney that only a fine of $100 would be imposed, and because of misconduct on the part of the prosecuting attorney. In the second motion, he stated that the fine was excessive, and greater than punishments theretofore inflicted by the trial court, and that the plea of guilty was entered on the promise of the county attorney that a fine of $100, with costs, only, would be imposed. The motion was overruled. Yates excepted. He appeals.

*James Falloon*, and *S. F. Newlon*, for appellant.

*John T. Little*, attorney general, and *W. F. Means*, county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The rule is, that where a defendant has pleaded guilty in a criminal case, and sentence has been passed upon him, it is within the sound discretion of the trial court to permit the plea to be withdrawn, and to allow a plea of not guilty to be entered. If the court abuses its discretion, error may be assigned therefor. (*City of Salina v. Cooper*, 45 Kas. 12; 4 Am. & Eng. Encyc. of Law, 776, and cases cited.)

In this case, we do not think the trial court erred in the exercise of its discretion. Before the plea of guilty was rendered, the defendant was represented by able counsel, and had full opportunity to consult with them. Two of his friends interviewed the county attorney for the purpose, prin-

cipally, of ascertaining whether the defendant could plead guilty and be fined only, thereby avoiding a jail sentence. One of the defendant's friends understood from the county attorney, in his interview, that if the defendant pleaded guilty he would be fined $100 only, yet he admits that no definite promise was made. Upon cross-examination by the county attorney, this witness testified, among other things, that,

"Ques. I did n't urge upon you or these parties in talking to you for them to enter a plea of any kind, did I? Ans. No, sir; not at all.

"Q. If they did so, they did it with their own free will? A. Certainly, all the way through.

"Q. About the talk of the hundred-dollar fine, I will ask you if that was n't more specially in regard to what the fine had been on previous occasions, rather than what it might be in these cases? A. I think that was the understanding, that the fine would be $100, if they pleaded guilty.

"Q. I did not make the promise that they would receive a fine of $100, did I? A. You made no definite promise at all, Mr. Means."

The county attorney had no conversation with the defendant personally. The defendant talked with his friends who had interviewed the county attorney, and it was his understanding from them (as well as their understanding) that if he pleaded guilty he would be fined $100 only, and have no jail sentence. It is not claimed that the plea of guilty was entered because of anything said or done by the trial judge.

In order to assist the defendant to avoid a jail sentence, the county attorney nolled the prior information, containing seven or eight counts for violation of § 386 of the crimes act, and filed a new information under § 395, permitting the court, in its discretion, to fine the defendant only, or imprison him in the county jail. Under the first information, upon a conviction or plea of guilty, a jail sentence was compulsory. The trial court had no discretion. Under the new information, the court had discretion, and exercised it favorably to the defendant. The real complaint is, that the sentence was for $300, instead of $100 only, as the defendant and his friends

expected.    If the defendant had or will yet pay the fine and costs adjudged against him, there will be no commitment.

We cannot perceive from a careful reading of the evidence that the county attorney acted in bad faith in any way toward the defendant; nor was the trial court under any duty to inflict the minimum sentence permitted by the statute by anything said or done by the county attorney.    Under these circumstances, this court will not interfere.

The judgment of the district court will be affirmed.

All the Justices concurring.