THE STATE OF KANSAS v. CHARLES F. GARRETT.

No. 15,972. (98 Pac. 219.)

CRIMINAL LAW—*Withdrawal of Plea of Guilty*. The district court did not abuse its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty to be entered.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed November 7, 1908. Affirmed.

*Fred S. Jackson*, attorney-general, and *John F. Kerrigan*, county attorney, for The State.

*James W. Orr*, *William P. Waggener*, and *James M. Challiss*, for appellant.

The State v. Garrett.

*Per Curiam:* It has been announced so often that if a defendant in a criminal case enter a plea of guilty it is within the discretion of the court whether it will allow the plea to be withdrawn and a plea of not guilty to be entered that the proposition does not need reiteration. Here the defendant was represented by able counsel of well-known standing at the bar from the commencement of the proceeding. Several months elapsed before arraignment. No inducement was offered or pressure brought to bear upon him from any source respecting his pleading guilty. He does not claim to be deficient in understanding or that his attorneys misled him in any particular. The claimed misapprehension in his own mind of the consequence of his plea is not entitled to nearly as much consideration as the one held inconsequential in the case of *The State v. Yates*, 52 Kan. 566, 35 Pac. 209. The voluntary plea of guilty solemnly entered by the defendant while he was duly attended by his counsel was the highest evidence of guilt, and the court did well to weigh with caution the defendant's affidavit, filed after the jury had been discharged for the term, stating that he had looked further into the evidence for and against him and had found that it ought to be submitted to a jury, and that he was innocent. Very clearly the district court did not abuse its discretion in refusing to allow the plea of guilty to be withdrawn.

The information charged all the elements of a public offense. It merely did not extend to all the details which the utmost certainty might require. The court could pronounce judgment upon conviction according to the right of the case, and that is sufficient. (Crim. Code, § 109.) The motion in arrest of judgment was properly denied.

The judgment of the district court is affirmed.