No. 29,878.

THE STATE OF KANSAS, *Appellee*, v. A. J. BEASLEY and FRED CHESTNUTT, *Appellants*.

(300 Pac. 1103.)

Opinion filed July 3, 1931.

*Al F. Williams*, of Topeka, *Don H. Elleman, Charles Stephens, C. E. Rumery* and *C. R. Stauffacher*, all of Columbus, for the appellants.

*Roland Boynton*, attorney-general, *R. O. Mason*, assistant attorney-general, *Marc G. Boss*, county attorney, and *Forrest D. Smythe*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling defendants' applications for permission to withdraw their pleas of guilty to a charge of grand larceny.

The salient facts were these: The Eagle-Picher Lead Company operated a zinc mine in Cherokee county. Defendant Beasley was

its superintendent and defendant Chestnutt was its mill foreman. These two defendants conceived a plan to steal a few loads of zinc ore from their employer. They hired one Campbell to haul away and sell the stolen ore, instructing him to come to their employer's mine after working hours. He did so, and repeated thefts of ore were thus made intermittently for several months. Campbell delivered the stolen ore to a dealer named Moore, who paid for it by checks, some of which were drawn in favor of "F. F. Chestnutt, agent," and some in the name of "C. & B. Mining Company." Defendants received and cashed these checks, and after paying Campbell for the hauling they divided and pocketed the proceeds.

Eventually Campbell began to do some thieving of ore on his own account, which culminated in prosecutions for grand larceny against all three of these persons. Beasley and Chestnutt were bound over to the district court on two counts—one for the theft of a load of ore valued at $319.66 on November 30, 1929, and another for the theft of a similar load valued at $234 on December 7, 1929.

In the prosecution of Campbell defendant Chestnutt was used as a witness and he frankly told of these systematic larcenies and particularly of the theft of two loads on the evening of December 6, 1929. On that night Beasley and Chestnutt wanted Campbell to return for a third load; Campbell said he could not do so; but some hours later (apparently after midnight) he did return and stole another load of ore on his own account. Defendant Beasley's testimony was to the same general effect as that of Chestnutt.

While the trial of Campbell was progressing negotiations were opened by attorneys for Beasley and Chestnutt with the county attorney to have them plead guilty to one count upon condition that the other count against them should be dismissed. The county attorney agreed. One of the negotiators raised the question as to which count they were to plead guilty. Another said it did not make any difference; and the county attorney said, "We will dismiss the first count and you can plead guilty to the second." This arrangement was then presented to the court, defendants being represented by well-known and experienced lawyers; and the court being fully advised, received defendants' pleas of guilty.

Later counsel for defendants obtained a written stipulation signed by the county attorney (who has since retired) reciting that he did not have any evidence to prove that defendants had committed the theft of the particular load of ore on December 7, 1929, which was

the subject matter of the charge in the second count of the informa-tion. On the strength of that stipulation and admission this appli-cation to withdraw the pleas of guilty was based. The trial court's adverse ruling on that application is the basis of this appeal.

Counsel for defendants argue that the stipulation shows clearly that they were laboring under a misapprehension of the facts when they entered their pleas of guilty. This court is unable to discern the faintest shadow of a misapprehension. The fact that defendants did not actually participate in the theft of the particular load of ore which Campbell hauled away sometime after midnight,·December 7, was of no importance. Defendants confessedly stole two loads of ore before midnight—the difference in time being no more than a matter of a very few hours. Confessedly they participated in about seventeen such felonious larcenies within a year of the time when these prosecutions were instituted. It was of no consequence whether defendants pleaded guilty to count one or to count two; but the court did offer to let them withdraw their pleas of guilty on count two if they were ready to plead guilty to count one. But no; defendants were not prepared to do anything of that sort. They had gotten rid of count one by dickering with the county attorney to plead guilty to count two; and then expected to get off scot-free of the penal consequences of all their larcenies on the strength of the county attorney's avowal that he had no evidence to prove that they had a hand in the theft of the particular load of ore specified in count two.

There is no absolute right to withdraw a plea of guilty in this jurisdiction. An application to that effect is addressed to the sound discretion of the trial court. (*State v. Yates*, 52 Kan. 566, 25 Pac. 209; *State v. Garrett*, 78 Kan. 882, 98 Pac. 219.) A bare statement of the facts of this case is sufficient to demonstrate that there was no abuse of discretion in its refusal under the circumstances just outlined. It would have stretched the limits of judicial discretion if defendants' applications had been granted. Space may appro-priately be taken here to reproduce part of the trial court's opinion · in denying the defendants' motion to withdraw their pleas of guilty.

"BY THE COURT: [Hamilton, district judge.] I realize that it is within the discretion of the court as to whether or not permission is granted these gentlemen to withdraw their pleas of guilty. There would be an abuse of discretion either way very easily.

. . . . . . . . . . . . .

"I find a long line of decisions where it is held not to be an abuse of dis-

cretion when the defendants in criminal cases had not been properly represented, or where they were brought before the court not understanding the law, and entered their plea of guilty.

"The testimony here is of no value to this court, because I well recognize the ability of the defendants' attorneys, but whether or not they were represented at all would make no difference, I think, in this case, because when I was informed that these two defendants were ready to enter their pleas of guilty, I sent the jury out, which was trying the Campbell case, and these men were then brought before the court. The defendants, before that time and on the first day of court, when arraigned, waived the reading of the information and entered pleas of not guilty. Therefore it was not necessary to arraign them. Ordinarily, when men are represented so ably I would not have taken the trouble to do what I did in this case. I didn't anticipate, of course, that they would want to withdraw their plea of guilty; it was for another reason that I told them the things I did tell them, and that reason was that I did not want them to enter a plea of guilty thinking they might receive some clemency from this court. But I did ask them if they knew the penalty prescribed for the crime to which they were pleading guilty; I asked them if they knew they were pleading guilty to the larceny of ore from this particular mine on this particular date; I asked them if they understood that if they entered pleas of guilty, they would expect no clemency of this court, and they answered in the affirmative. Whether or not they were represented by attorneys, I think that was sufficient.

"There are cases, of course, and there are a number of decisions covering them, where it would not be abuse of discretion to set aside pleas of guilty. For instance, where a man is guilty of the larceny of a watch on a certain date and that is the only crime he had committed, and the county attorney had in mind some other larceny of some other property or money, and not having in mind the real larceny of which the defendant is guilty, and a plea should be taken under those circumstances, then it might be proper to set it aside. In this case, however, they entered their pleas of guilty and took the witness stand and testified to a series of crimes extending over a year or possibly two years. These men could have been tried and convicted, in my opinion, under this present information. If that is true, then they cannot now expect the court to allow their application to withdraw their pleas of guilty. This application, therefore, is denied."

See, also, 8 R. C. L. 111-112; Anno., Plea of Guilty, Withdrawal, 20 A. L. R. 1445, 1454-1458.

The various arguments urged against the judgment have been duly considered. They are altogether nonpersuasive and warrant no discussion.

The judgment is affirmed.