No. 45,248

STATE OF KANSAS, *Appellee*, v. HERMAN BYRD, JR., *Appellant*.

(453 P. 2d 22)

Opinion filed April 12, 1969.

*Roy Kirby*, of Coffeyville, argued the cause and was on the brief for appellant.

*Monte K. Heasty*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Timothy R. Emert*, Assistant County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is a direct criminal appeal. It stems from an order denying defendant's motion to withdraw pleas of guilty after judgment and sentence.

The appeal presents one primary question. Were the guilty pleas involuntary because of plea discussions leading to a plea agreement? The plea agreement resulted in not invoking the Habitual Criminal Act (K. S. A. 21-107a) and in a six month jail sentence for aiding in an escape from jail when the maximum penalty is five years at hard labor. (K. S. A. 21-106.)

A recitation of events leading to the order denying permission to withdraw the guilty pleas is necessary.

Defendant was charged with forging a check and with issuing the forged check. The information contained two separate counts. Pending arraignment on these charges defendant took part in a jail break. He was picked up and returned to jail. A separate action was filed against him for aiding in "an escape". Defendant has never asked to withdraw his guilty plea to aiding in the escape. He has completed serving the six month jail sentence. We are concerned with this charge only because it was considered by the parties during the plea discussion on the forgery charges.

On September 11, 1967, defendant was arraigned in both cases and entered pleas of not guilty to the three charges. On that day the county attorney served notice upon the defendant and his attorney of an intention to invoke the Habitual Criminal Act. All three charges were set for trial to a jury for October 4.

On September 25 the defendant asked leave and was granted permission to withdraw all three pleas of not guilty. He then entered pleas of guilty on all charges in the two cases. He was found guilty and sentenced to six months in the county jail for aiding in "an escape". He was found guilty and sentenced to ten years in the penitentiary on each of the forgery charges. (K. S. A. 21-631.) The six month jail sentence was made to precede the forgery sentences. The forgery sentences were made to run concurrently and the Habitual Criminal Act was not invoked.

Defendant began serving his jail sentence. He then wrote three letters to the trial judge asking that his guilty pleas on the forgery charges be set aside. On October 19 present counsel for defendant was appointed. A motion to withdraw the guilty pleas was filed. This motion was fully heard by the court. The evidence included the testimony of defendant and his sister. A stipulation of certain facts was agreed to by the county attorney.

The county attorney stipulated he did not seek to invoke the Habitual Criminal Act because the defendant, through his attorney, agreed to enter guilty pleas to all three charges. He stipulated he

agreed to recommend to the court a six month jail sentence on the charge of aiding in the escape. It was understood the forgery sentences should be served following the jail sentence. The county attorney stated the plea discussion was initiated by defendant's attorney and he would have asked to invoke the Act if a trial to jury had been necessary in these cases.

At this hearing on the motion to withdraw the pleas the county attorney offered to join in the motion provided defendant would include his plea to the jail break charge in the motion to withdraw pleas. Defendant declined to do so. The trial court considered this fact together with the inquiry during the sentencing.

The court's inquiry during sentencing in both cases indicates a thorough effort to protect the defendant. The colloquy at sentencing in the forgery case reads:

"THE COURT: He is charged with two counts of Forgery in the second degree and that carries with it not more than 10 years confinement in the state penitentiary, that is, for each count, Mr. Byrd. Do you understand that?

"A. Yes sir.

"Q. Have you had a preliminary hearing in this matter?

"A. Yes sir.

"Q. Are you satisfied with the manner in which that preliminary hearing was conducted?

"A. Yes sir.

"Q. Do you have any objections to make or protests to make over anything concerned with your case up to this point?

"A. No sir.

"Q. Under the law, Mr. Byrd, you have certain rights. You have the right to remain silent; to say nothing at all; to plead not guilty to any part of the charges leveled against you and if you do so plead you have a right to a trial by jury with the burden on the state to prove your guilt beyond a reasonable doubt, or you may choose to plead guilty, and if you do so plead, the court will fix the sentence. Do you understand that?

"A. Yes sir.

"Q. Have you consulted with your lawyer as to what the penalty and the legal aspects of your case, including any possible defenses you may have?

"A. Yes.

"Q. Are you satisfied with the manner in which your attorney has represented you and is representing you?

"A. Yes.

"Q. Are you now ready to plead to these charges?

"A. Yes.

"Q. Then I will ask you how you plead to Count I of the Information?

"A. Guilty.

"Q. How do you plead to Count II of the Information?

"A. Guilty.

"Q. Mr. Veeder, I will ask you if the accused has told you the facts from his side of the case?

"MR. VEEDER: (Mr. Veeder was defendant's trial counsel.) He has and we have very fully checked them, your Honor.

"THE COURT: Is this plea that he offers the court consistent with the facts as you understand them to be and the advice that you have given to this defendant?

"MR. VEEDER: It is, your Honor.

"THE COURT: Mr. Byrd, I will ask you if these pleas you offer are voluntarily and understandingly made?

"A. Yes sir.

"Q. You understand that this plea of guilty, you must be in fact, guilty. You cannot be threatened or intimidated or coerced or promised into pleading guilty. The only way you can plead guilty is if you are in fact guilty, do you understand this?

"A. Yes."

The defendant testified at the hearing on the motion to withdraw pleas that the county attorney advised him he would not invoke the Habitual Criminal Act if guilty pleas were entered. He said this occurred before counsel was appointed. The argument is now made the absence of counsel at this critical stage of the discussion rendered the plea involuntary. Assuming the conversation took place it is not contended that any agreement was reached at this time.

The record before us indicates the plea discussion resulting in the plea agreement was initiated by defendant's counsel and was with knowledge and understanding of the facts available to counsel and the defendant. The pleas were consistent with those facts. The county attorney entered into this plea discussion in good faith and without improper motives. No charge is made that the trial court participated in the plea discussion. It is within this frame of reference we examine the propriety of such discussion and agreement.

Disagreement has existed on the propriety of plea discussions and agreements. The judges who frown upon the practice say "justice and liberty are not the subjects of bargaining and barter". Those who approve the practice under proper safeguards say "the practice is pervasive, guilty defendants expect it and the overburdened criminal system must use the prize of leniency to induce the great mass of guilty defendants to forego the delay of a jury trial". A detailed analysis of the thinking in this area has been set forth by Donald J. Newman in his book, *Conviction: The*

*Determination of Guilt or Innocence Without Trial* (1966).

Several of our reported cases have discussed the function of a prosecuting attorney in the use of the Habitual Criminal Act. Usually the matter has risen in collateral attacks on a plea of guilty because of coercion claimed by a defendant when he pled to avoid the enhanced penalty. (See *Fields v. State,* 195 Kan. 718, 720, 408 P. 2d 674; *Addington v. State,* 198 Kan. 228, 424 P. 2d 871.)

The discretion to invoke the Act rests with the county attorney. In *Addington v. State,* supra, we said:

"The good faith of the county attorney is a material issue bearing upon his motives when invoking the Habitual Criminal Act, since the exercise of discretion in the performance of his duties implies conscientious judgment rather than arbitrary action, and takes account of the law and particular circumstances of each case. Such discretion must be exercised fairly, wisely, and in accordance with the established principles of law; and includes the right to select a course of action, not willfully or in bad faith, but only with respect to what is right under the circumstances." (198 Kan. 228, Syl. ¶ 4.)

A guilty plea induced by a prosecuting attorney's promise not to invoke the Habitual Criminal Act is not rendered involuntary for that reason alone. To render such a plea involuntary the discussion and circumstances leading to the guilty plea must be of a nature to deprive the plea of a voluntary character. There is nothing in the facts and circumstances of the present case to render these pleas involuntary.

The plea discussions in the present case were carried on with competent counsel for defendant after counsel had been fully advised by his client of the facts. Counsel had made a further investigation of these facts. He determined the plea was consistent with the facts as he understood them. The sentences received by defendant were what he expected and understood from the plea discussion. His denial of guilt at the present time is in direct contradiction to previous statements made to court and counsel when he entered his guilty pleas. He attempts to explain this contradiction by saying he lied to his counsel and to the court when he first entered guilty pleas.

In *Brown v. Beto,* 377 F. 2d 950 (1967), Judge Wisdom speaking for the Fifth Circuit Court of Appeals said:

"No federal court has held that a guilty plea induced by a *prosecutor's* promise for that reason alone is involuntary. In Machibroda v. United States, 1962, 368 U. S. 487, 493, 82 S. Ct. 510, 513, 7 L. Ed. 2d 473, the Supreme Court said that a 'guilty plea, if induced by promises or threats which deprive it

of the character of a *voluntary act* is void.' But in *Machibroda* the defendant alleged that the United States Attorney had promised the defendant a more lenient sentence than the court imposed and had cautioned the defendant not to tell his attorney of their plea arrangement." (p. 953.)

Plea discussions are held and plea agreements are reached in a majority of criminal cases disposed of by pleas of guilty. Properly safeguarded these discussions and agreements between an attorney for an accused and a prosecuting attorney are consistent with the fair and effective administration of justice. (*Brown v. Beto,* supra.)

Standards regulating the practice of negotiating a plea of guilty were recommended by the Advisory Committee on the Criminal Trial to the American Bar Association Project on Minimum Standards for Criminal Justice in February 1967. This project recognizes the place of plea discussions and agreements where they are carried out and are consistent with the fair and effective administration of criminal justice.

These standards distinguish between the role of the trial judge and that of the prosecutor. The trial judge should not participate in plea discussions. Such discussions between the trial judge and the defendant give the appearance of improper bargaining between a malefactor and Justice.

The importance of maintaining this rule was stated in *Brown v. Beto,* supra, as follows:

". . . The judge, almost all-powerful in his sentencing capacity, has the duty of protecting an accused's constitutional rights as well as the duty of protecting society's interest in law enforcement. Prosecuting attorneys, however, traditionally have had broad authority to institute criminal charges and to evaluate the charges in terms of society's interest in individual cases. When the prosecutor and the accused enter into an agreement their conflicting interests merge. And, with the aid of both counsel and judge, an accused is protected from improvident or involuntary agreements." (377 F. 2d 957.)

All plea discussions and agreements should be premised upon an understanding that such agreements are not binding upon the trial judge. When a plea of guilty is tendered or received as a result of a prior plea agreement the trial judge may give the agreement consideration, but notwithstanding its existence he should reach an independent decision on whether to approve the charge or sentence concessions. If a plea of guilty is not entered by the defendant the fact that plea discussions and agreements were tentatively negotiated should not be received in evidence against or in favor of the defendant. (*State v. McGunn,* 208 Minn. 349,

294 N. W. 208; *Kercheval v. United States,* 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009.)

It is time we recognize the propriety of plea discussions and plea agreements in cases when it exists. The interest of the public in effective administration of criminal justice will be served if proper guidelines are followed. A county attorney may in proper instances engage in plea discussions for the purpose of reaching a plea agreement. He should engage in such discussions with the defendant only through defense counsel, except when the defendant is not eligible for or does not desire appointment of counsel and has not retained counsel. (See *Holt v. State,* 202 Kan. 759, 451 P. 2d 221; *Arsenault v. Massachusetts,* 393 U. S. 5, 21 L. Ed. 2d 5, 89 S. Ct. 35.)

The prosecuting attorney while engaging in plea discussions must keep in mind his primary objective, the effective administration of criminal justice. The prosecuting attorney should be convinced of the defendant's guilt and defendant's willingness to assume responsibility for his criminal conduct. He must keep in mind the nature of the crime and have good reasons for believing a public trial is unnecessary. He should afford similarly situated defendants equal plea agreement opportunities. Charge and sentence concessions may be utilized to aid in ensuring the prompt and certain application of correctional measures to the defendant for rehabilitative purposes. The prosecuting attorney must not sacrifice fair and effective administration of criminal justice in an effort to quickly dispose of cases.

It should be noted in passing the conscious exercise of some selectivity in enforcement in criminal cases is not in itself a federal constitutional violation. (*Oyler v. Boles,* 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501.)

Any plea agreement by a prosecuting attorney must depend upon the circumstances of the individual case. He may agree to make or not to oppose favorable recommendations as to sentence which should be imposed if the defendant enters a plea of guilty. He may seek or not oppose dismissal of the offense charged if the defendant enters a plea of guilty to another offense reasonably related to defendant's conduct. He may seek or not oppose dismissal of other charges or potential charges against the defendant if the defendant enters a plea of guilty. He should not initiate the plea discussions and should avoid any action which might reasonably appear to

make justice and liberty subjects of bargaining and barter.

We turn now to the question of withdrawal of a plea after sentence. It is well settled that once a plea of guilty has been entered by defendant and sentence pronounced, the question of whether or not he can later withdraw his plea is directed to the sound discretion of the trial court and the trial court's judgment will not be disturbed on appeal unless the defendant shows an abuse of such discretion. (*Addington v. State,* supra; *State v. Nichols,* 167 Kan. 565, 207 P. 2d 469.)

The question of what constitutes abuse of discretion by a trial court in connection with refusal to permit a defendant to withdraw his plea has been before this court on several occasions. Generally speaking the court has attached substantial significance to whether or not the defendant was represented throughout by competent counsel; whether or not he was misled, coerced, mistreated or unfair advantage was taken and whether or not his plea was freely, fairly and understandingly made.

A defendant should be permitted to withdraw his plea of guilty if his plea was given under a misapprehension of the nature of the charge and the court was under the same misapprehension. (*State v. Bowser,* 155 Kan. 723, 129 P. 2d 268.) In *State v. Oberst,* 127 Kan. 412, 273 Pac. 490, it was held material error to permit a seventeen year old boy to plead guilty to seven charges of murder without an attorney to counsel with and advise him.

On the other hand, this court has consistently held that when the accused is represented by capable counsel and the plea is freely, fairly and intelligently made and its consequences understood it should not be set aside. (*Addington v. State,* supra; *State v. Nichols,* supra.) This court has held this to be true even though the defendant may be under some misapprehension. (See *State v. Yates,* 52 Kan. 566, 35 Pac. 209; *State v. Garrett,* 78 Kan. 882, 98 Pac. 219; *State v. Finney,* 139 Kan. 578, 32 P. 2d 517; *State v. Beasley,* 133 Kan. 438, 300 Pac. 1103.)

An analysis of our decisions indicates permission to withdraw a plea depends upon the facts and circumstances of each case. Generally it is a question of fact for the trial court to determine if the plea was voluntarily and understandingly made. The issue to be determined is whether the ends of justice will be served by permitting the withdrawal. If a manifest injustice to the defendant would result from refusal then permission to withdraw should be

granted. (*Farnsworth v. Sanford*, 115 F. 2d 375 [5th Cir. 1940]; *Taylor v. United States*, 182 F. 2d 473 [9th Cir. 1950].)

Defendant received the effective assistance of counsel guaranteed to him by the constitution. The plea was entered by the defendant after meaningful inquiry by the court. It was entered with knowledge of the charges. The sentences actually imposed were understood by defendant as possible under the charges. Defendant did receive the sentence concessions contemplated by the plea agreement and the prosecuting attorney recommended or did not oppose the concessions as promised in the plea agreement. No manifest injustice appears in refusing to permit withdrawal of the guilty pleas in the present case.

The defendant initiated the plea discussion involving three potential felony sentences. He now seeks to withdraw only those pleas which resulted in ten year concurrent sentences. He desires to retain the advantages gained in the plea agreement and reject that part which is onerous. We fail to see how the ends of justice would be served by permitting withdrawal of two of defendant's guilty pleas.

The judgment of the trial court is affirmed.