No. 46,775

JAMES WILLIAM JACKSON, JR., *Appellant,* v. STATE OF KANSAS, *Appellee.*

(504 P. 2d 231)

Opinion filed December 9, 1972.

*John O. Kent,* of Kansas City, was on the brief for the appellant.

*Vern Miller,* attorney general, *Frank D. Menghini,* county attorney, and *Nick A. Tomasic,* chief deputy county attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal from an order overruling petitioner's motion to set aside his plea and sentence pursuant to K. S. A. 60-1507, after a full evidentiary hearing.

Petitioner claims that he involuntarily entered a plea of guilty due to threats of the prosecutor to obtain the death penalty and the sentence was excessive. The district court found that petitioner at the time of his plea of guilty understood what he was doing; that he was represented by experienced and competent counsel; that his participation in the crime was unquestioned; that he was advised of the sentence possible under the charge and was informed he had the right to a jury trial; that the plea was freely and voluntarily made and the sentence imposed was in full compliance with the law.

In August, 1968, petitioner and three other defendants were apprehended for the brutal slaying of Robert Wayne Wood. Petitioner was the oldest in the group, being twenty-two years of age. The others were juveniles. Petitioner was initially charged with first degree murder. In April, 1969, one codefendant was tried and found guilty of first degree murder and sentenced to life imprisonment. A second codefendant was tried and acquitted. On June, 1969, after nine months of incarceration, petitioner entered a plea of guilty to the reduced charge of second degree murder and received a life sentence. Petitioner was represented by two retained attorneys. There was no direct appeal.

Petitioner argues that his plea was involuntary because he feared the death penalty would be imposed if he was found guilty of

first degree murder. In the evidentiary hearing petitioner stated the prosecutor told him he would try to get the death penalty. Petitioner further testified his attorneys told him his chances were not good and his best bet was to enter a plea to a lesser charge. He testified the jailers also told him he didn't have a chance. Petitioner testified but he did not call his two retained attorneys, the jailers or the county attorney to testify. Upon this showing the trial court was not required to find that petitioner had sustained his burden of proof by a preponderance of the evidence. The sentence was within legal limits.

The record shows petitioner was represented at the time of his plea by two capable attorneys, both retained, and entered his plea of guilty after careful questioning by court and counsel.

In *State v. Byrd*, 203 Kan. 45, 453 P. 2d 22, this court said in reference to a guilty plea:

"Generally speaking the court has attached substantial significance to whether or not the defendant was represented throughout by competent counsel; whether or not he was misled, coerced, mistreated or unfair advantage was taken and whether or not his plea was freely, fairly and understandingly made.

. . . . . . . . . . . .

". . . [T]his court has consistently held that when the accused is represented by capable counsel and the plea is freely, fairly and intelligently made and its consequences understood it should not be set aside." (p. 52.)

The judgment is affirmed.