No. 49,946

STEPHEN R. BURDEN, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(592 P.2d 451)

Opinion filed March 31, 1979.

*Stephen W. Kessler,* of Topeka, argued the cause, and *Michael D. Gibbens,* legal intern, was with him on the brief for the appellant.

*Charles S. Gray,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The case comes to us on a Petition for Review from the Court of Appeals. That court affirmed the order of the Labette District Court denying the motion of Stephen R. Burden under K.S.A. 60-1507 to set aside a judgment and sentence entered on a plea of guilty. The motion is based on refusal of the trial court to permit defendant to withdraw his plea of guilty prior to sentencing.

The facts of the present case differ from our previous cases where the requests to withdraw the pleas of guilty were made after sentence. In the present case the motion to withdraw the guilty plea was made after a presentence report was obtained but before sentence was adjudged. In view of our present statute, K.S.A. 1978 Supp. 21-4604, which makes presentence reports mandatory in felony cases, this court felt compelled to examine the question of when the withdrawal of a plea of guilty should be permitted on motion made prior to sentence.

The defendant, Burden, was charged with several misdemeanor check charges in addition to the felony check charge. Pursuant to plea negotiations initiated by defendant's counsel the county attorney agreed to dismiss the misdemeanor charges and

to recommend to the sentencing judge a sentence of one to five years with immediate probation in exchange for defendant's plea of guilty to the felony check charge. The county attorney fully complied with his part of the plea bargain.

At arraignment the court explained the range of penalties which the defendant could receive. The judge further explained the various constitutional rights which defendant would forego if he entered a plea of guilty to the charge. The defendant entered a plea of guilty after indicating that he understood his constitutional rights as explained to him by the court. The court determined that a factual basis for the plea existed and then questioned the defendant as follows:

"THE COURT: Mr. Burden, do you understand that while it is recognized procedure, it's a recognized fact in many criminal cases that counsel do engage in plea discussions, that even though those plea discussions are carried out and even though you have a full understanding as to what they are and what recommendation the State would make in such a case, that the Court is not bound by those plea discussions, that the Court will consider the recommendations of counsel resulting from those discussions, but that the Court must and will exercise its own independent judgment with respect to any penalty to be imposed and also with respect to whether or not parole or probation will be granted. Do you understand those things?

"DEFENDANT BURDEN: Yes, Your Honor.

"THE COURT: With those things in mind, do you want to stand on your plea of guilty, or do you wish to have the opportunity to withdraw it?

"DEFENDANT BURDEN: Plea of guilty.

"THE COURT: Knowing that the Court may not follow the recommendations of counsel in this instance?

"DEFENDANT BURDEN: Plea of guilty.

"THE COURT: You still want to stand on your plea of guilty?

"DEFENDANT BURDEN: Yes, Your Honor.

"THE COURT: Then the Court would make the findings that defendant has been fully informed of the charges and penalties against him—the charges against him and the penalties provided therefor and that he understands the same. The defendant has been fully advised of his rights and after consultation with counsel has knowingly and intelligently waived the same; that there is a factual basis for the prosecution and defendant's plea of guilty; that defendant's plea of guilty constitutes his free and voluntary act; that defendant's plea of guilty should be and is accepted by the Court and now ordered entered of record.

"The Court having accepted your plea of guilty, Mr. Burden, do you have any legal cause to show why sentence should not be imposed according to law?

"DEFENDANT BURDEN: No, Your Honor."

Thereafter the court requested a presentence report. When the presentence report was obtained a copy was made available to defendant's counsel. It appeared from the report that defendant

was wanted in Oklahoma on a parole violation for another bad check charge. In addition the report indicated that defendant had previously been convicted of three or four similar charges, one for check forgery. In each instance defendant had received probation or parole but continued to give no fund checks.

When the day for sentencing arrived counsel for defendant moved the judge in chambers for permission to withdraw the plea unless probation was granted. The court refused permission to withdraw the plea, refused to grant probation, and in open court before sentence was imposed inquired of defendant as follows:

"THE COURT: I believe, Mr. Sherwood, this was fully covered and explained on the record at the time that Mr. Burden entered his plea of guilty, that the Court would consider any plea discussions that were held, would order a presentence investigation and would exercise its own independent judgment with respect to that. Is that not correct, Mr. Burden?

"DEFENDANT BURDEN: That's correct, Your Honor."

Our statute on withdrawal of pleas, K.S.A. 22-3210(7), provides:

"A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

It should be noted that the withdrawal of a plea of guilty *before sentence* is "for good cause shown and within the discretion of the court." *After sentence* the court may set aside the judgment of conviction and permit the defendant to withdraw his plea "[t]o correct manifest injustice."

The present case is governed by the requirement, "for good cause shown," since the motion to withdraw was made prior to sentence. When asked by the court if defendant had any reason or any evidence to present in support of his motion to withdraw defendant made no further statements. Defendant's attorney merely stated that defendant had no independent knowledge of ever writing the check, and that defendant had an alcohol problem. No other basis for withdrawal of the plea was given except that the court had refused to follow the recommendation of the county attorney. The recommendation was made in keeping with the plea bargain.

This court first gave comprehensive consideration to the subject of plea bargaining in *State v. Byrd,* 203 Kan. 45, 453 P.2d 22

(1969). In that case we hold that the fact a plea is entered pursuant to plea bargaining does not by itself make the plea involuntary. This rule has been consistently followed by this court. See *Morrow v. State,* 219 Kan. 442, Syl. ¶ 1, 548 P.2d 727 (1976); *Burns v. State,* 215 Kan. 497, Syl. ¶ 4, 524 P.2d 737 (1974). The United States Supreme Court has reached the same conclusion. See *Bordenkircher v. Hayes,* 434 U.S. 357, 54 L.Ed.2d 604, 98 S.Ct. 663, *rehearing denied* 435 U.S. 918 (1978). It has long been recognized that plea agreements are made in a vast majority of criminal cases disposed of by guilty plea, and it is thought better to openly recognize the propriety of plea discussions and plea agreements in cases when they exist. See *State v. Byrd,* 203 Kan. at 51. As this court said:

"Plea bargaining is a fundamental part of our criminal justice system and produces many benefits (such as prompt adjudication, shortened pretrial detention and enhanced opportunities for appropriate disposition)." *Morrow v. State,* 219 Kan. at 445.

It is, of course, also recognized that a guilty plea involves the waiver of many constitutional rights and for this reason safeguards are necessary to insure this waiver is knowing and voluntary. *Morrow v. State,* 219 Kan. at 445. There is no question in this case but that the judge receiving appellant's guilty plea conscientiously followed the procedures developed to insure the guilty plea was knowingly given and voluntary.

In upholding the validity of plea negotiations in *State v. Byrd,* 203 Kan. 45, this court recognized certain procedures and standards to govern the practice. These were adopted largely from the standards recommended in ABA Standards, Pleas of Guilty, approved draft 1968. What was said in *Byrd* with regard to the subject is approved but need not be repeated here. Appellant's contention that he should have been allowed to withdraw his guilty plea after the presentence report was filed and the sentencing court refused to follow the negotiated recommendation is not specifically answered in *Byrd.* The motion to withdraw the guilty plea in *Byrd* was filed after he had begun serving a jail sentence which preceded defendant's trip to the penitentiary.

The question of when and under what circumstances a court should permit withdrawal of a plea of guilty has been a topic of considerable controversy in recent years. Appellant relies heavily on *Santobello v. New York,* 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct.

495 (1971). In *Santobello* defendant entered a guilty plea to a lesser included offense with the understanding that the prosecutor would make no recommendation as to sentence. At the sentence hearing a different attorney from the prosecutor's office (apparently ignorant of his predecessor's agreement) recommended a maximum sentence. Although the sentencing court was advised of this failure to carry out the plea agreement, the court stated it was not influenced by the recommendation and it imposed the maximum sentence. The United States Supreme Court vacated judgment and sentence. The case was remanded for hearing and the high court stated:

"This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262.

The present case is readily distinguishable from *Santobello*. *Santobello* holds that as a matter of constitutional law if the prosecution agrees to make concessions in exchange for a guilty plea, then it must carry out those concessions or the plea will be invalid. In the present case the prosecution agreed to recommend probation; and it did so. The prosecution carried out its promises.

At least two federal circuit courts on consideration of the decision in *Santobello* have refused to grant habeas corpus relief requiring state courts to permit withdrawal of a guilty plea. In both cases negotiated charge and sentence concessions were recommended by the prosecutor but the sentencing court refused to follow the recommendations. See *Bouchillon v. Estelle,* 507 F.2d 622 (5th Cir. 1975), and *Miles v. Parratt,* 543 F.2d 638 (8th Cir. 1976). Contra *United States Ex Rel. Culbreath v. Rundle,* 466 F.2d 730 (3rd Cir. 1972). On the basis of these decisions by the Fifth and Eighth Circuits holding that *Santobello* does not control the present situation, we are not constitutionally required to adopt the rule urged by appellant.

The various jurisdictions are divided on the question presented. In several states withdrawal of a guilty plea such as entered in the present case is a right permitted by statute or court rule. Other states grant the right of withdrawal by court decision. There are also many cases holding there is no right of withdrawal and it is not error to refuse to allow the defendant to withdraw his

plea under the circumstances of our present case. See *Matter of Hughes,* 19 Wash. App. 155, 575 P.2d 250 (1978); *State v. Gumienny,* 58 Hawaii 304, 568 P.2d 1194 (1977); *People v. Davis,* 74 Mich. App. 624, 254 N.W.2d 335 (1977); *People v. Lambrechts,* 41 Ill. App. 3d 729, 355 N.E.2d 53 (1976); *State v. Steinmetz,* 247 N.W.2d 690 (S.D. 1976); *Couch v. Commonwealth,* 528 S.W.2d 712 (Ky. 1975); *State v. Evans,* 194 Neb. 559, 234 N.W.2d 199 (1975); *Cruz v. State,* 530 S.W.2d 817 (Tex. Crim. 1975).

In passing we note that *State v. Fisher,* 223 N.W.2d 243 (Iowa 1974), which appellant cites as supporting his position permitting withdrawal of the plea, was substantially limited by a later decision in *State v. Parrish,* 232 N.W.2d 511 (Iowa 1975).

In the ABA Standards, Pleas of Guilty, 3.3 (b), approved draft 1968, it is suggested that a sentencing judge may be permitted to give an indication in advance of the tender of the plea that he will go along with the agreement if the relevant representations to him are confirmed by the presentence report. In such cases if the judge later changes his mind and decides not to go along with the contemplated disposition he should give defendant the opportunity to withdraw his plea. In the interest of fairness if the sentencing judge indicates to the defendant that he will go along with the agreement if relevant representations to him are confirmed, and the representations are confirmed, then the recommended disposition should be followed; if they are not followed the defendant should be permitted to withdraw the plea. The change of position by the judge in such case amounts to "good cause shown." See K.S.A. 22-3210(7).

However, in the present case the trial judge repeatedly advised the defendant that he was not indicating any acceptance of the prosecutor's recommended disposition of the case and that he was not going to be bound by the plea negotiations. The defendant was advised that the judge would exercise his own independent judgment with respect to the penalty after a presentence report had been received. Knowing all this the defendant was asked if he wanted to withdraw his plea of guilty. Defendant stood on his plea of guilty. In such case it can hardly be said that the defendant was treated unfairly or that the plea was involuntary.

Under our present statutory requirements (K.S.A. 1978 Supp. 21-4604) a presentence report must be obtained in every case

where a defendant is convicted of a felony. It is necessary in every case to obtain a conviction or a plea of guilty before the sentencing judge can obtain by presentence report the necessary information to determine a proper sentence. When plea negotiations are entered into the prosecutor may not have full knowledge of defendant's past record or the dispositions on prior charges. We believe the procedure followed in the present case was entirely proper. If the defendant is permitted to withdraw his plea any time the sentencing judge does not accept the disposition recommended, defendant could be assured of the recommended disposition or he could withdraw his plea of guilty. This would place the prosecutor in an unfavorable bargaining position for he would stand to lose charge concessions made in good faith. As in the present case, the prosecutor dismissed three or four misdemeanor charges on bad checks. These were dismissed when the felony plea was entered March 25, 1977. By the time our present opinion is filed the two year statute of limitations on misdemeanors will bar further prosecution. If in this case the judgment and sentence on the felony charge were to be set aside and the case remanded for new trial the misdemeanor charges would have been stripped from the hands of the prosecution.

In summary we hold that under K.S.A. 22-3210(7) a plea of guilty may be withdrawn for good cause shown and within the discretion of the sentencing court on motion filed prior to the sentence adjudication. Refusal to follow recommended charge and sentence concessions is not in itself sufficient to constitute good cause for withdrawal of a guilty plea entered before sentence, provided the defendant was clearly advised by the court prior to entering his plea that the court was not bound by any charge and sentence concessions, and defendant was then offered a chance to withdraw said plea. Under the facts of the present case the defendant failed to show good cause to support a withdrawal of his voluntary plea of guilty.

The opinion of the Court of Appeals is affirmed.

HERD, J., not participating.