NOT DESIGNATED FOR PUBLICATION

Nos. 126,189
126,190
126,191

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHANIEL M. MEJIA-KESTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed May 3, 2024. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., GREEN, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Nathaniel M. Mejia-Kester entered into a plea agreement with the State to resolve three different criminal cases. The agreement included the parties' bargained-for sentencing recommendation, which would have run some sentences concurrent with one another and resulted in a total of 87 months' imprisonment. The district court accepted Mejia-Kester's plea but did not impose the recommended sentences. On appeal, Mejia-Kester complains the district court erred by imposing all sentences to run consecutive to one another—resulting in a controlling sentence of 139

1

months' imprisonment—rather than running some counts concurrent as suggested by his plea agreement. After reviewing the record, we find that we lack jurisdiction to consider this appeal and are compelled to dismiss it.

FACTUAL AND PROCEDURAL BACKGROUND

Mejia-Kester faced multiple charges in three criminal cases—21-CR-1769 (Case 1), 22-CR-62 (Case 2), and 22-CR-1615 (Case 3)—for incidents occurring between June 2021 and March 2022. The State and Mejia-Kester entered into a global plea agreement in which he pleaded no contest to several charges that included eight felonies and two misdemeanors. The State agreed to dismiss remaining charges in all three cases.

The plea agreement recommended a sentence of the high number in the corresponding revised Kansas Sentencing Guidelines Act (KSGA) grid box for each charge. The parties also agreed the sentences for all counts would run concurrent with one another, except one count in Case 2, which would run consecutive pursuant to law. This recommended sentence would result in a total of 87 months' imprisonment. Mejia-Kester acknowledged by signing the agreement that the sentencing judge was not bound to follow the plea agreement, could impose any lawful sentences including the maximum penalties and fines, and the sentences he would receive were solely in the control of the judge. He also acknowledged if the district court rejected the agreement, he would not be provided the opportunity to withdraw his plea for that reason.

At the plea hearing, the district court verified Mejia-Kester had read, understood, and agreed to signing the plea agreement and the plea document. The court also orally confirmed that Mejia-Kester understood the rights he would be forfeiting and that the court was not bound by the plea agreement. The district court accepted Mejia-Kester's no-contest plea and found Mejia-Kester guilty of the charges in all three cases.

At sentencing, both parties agreed to the district court's finding that Mejia-Kester's criminal history score was A and requested the court follow the sentencing recommendations in the plea agreement. But rather than running the sentences for each count concurrent with one another, the district court imposed a sentence in which all counts would run consecutive to each other and any other case, resulting in a 139-month sentence.

Mejia-Kester timely appeals his sentence.

WE LACK JURISDICTION OVER MEJIA-KESTER'S APPEAL

On appeal, Mejia-Kester argues that the district erred by rejected the sentencing recommendation set forth in the plea agreement without affording him the chance to reassess his plea, and he will spend many more months in prison as a result. But before we address the substance of his argument, we must first decide whether we have jurisdiction—or power—to consider his appeal. Whether jurisdiction exists is a question of law subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

We note that Mejia-Kester did not file a postsentence motion to withdraw his plea under K.S.A. 22-3210(d)(2). See K.S.A. 22-3602(a) (broadly prohibiting an appeal "from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere," unless it is an appeal from the district court's denial of a motion to withdraw a plea under K.S.A. 22-3210[d]); see also *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020) (Court of Appeals has jurisdiction to consider appeal from the district court's denial of defendant's motion to withdraw plea.). In fact, Mejia-Kester admits he is not seeking to withdraw his plea but simply wants the district court to impose the sentences on which he and the State agreed.

Instead, his argument raised for the first time on appeal is a challenge to how Kansas courts interpret the law. Mejia-Kester asks us to abandon a half-century of precedent and create a new standard under which district courts should conduct plea proceedings.

Generally, as the State points out, K.S.A. 22-3602(a) allows an appeal of the district court's denial of a motion to withdraw a plea, but as described, this is not the situation before us. The jurisdictional hurdle Mejia-Kester must overcome is found in K.S.A. 21-6820(c), which prevents an appellate court from reviewing a sentence for a felony committed after July 1, 1993, that is either within the presumptive KSGA sentence for the crime or the result of a plea agreement which the district court approved on the record. See *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021) (appellate court ordinarily lacks jurisdiction to review presumptive sentences); *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015) (no jurisdiction to review sentences agreed to by parties and approved by the sentencing court). Here, Mejia-Kester admits the sentence imposed by the district court falls within the presumptive KSGA guidelines as contemplated by K.S.A. 21-6820(c)(1).

And, since the Kansas Supreme Court decided *State v. Byrd*, 203 Kan. 45, 50, 453 P.2d 22 (1969), Kansas trial and appellate courts have adhered to the maxim that sentencing recommendations made pursuant to a plea bargain are not binding on trial courts. See also *State v. Beck*, 307 Kan. 108, 110, 406 P.3d 377 (2017) ("'[I]n Kansas both parties to a plea agreement assume the risk the sentencing court will impose a sentence different than the sentence recommended as part of the plea agreement because sentence recommendations made pursuant to a plea bargain are not binding on the trial court.' [Citation omitted.]"). Although Mejia-Kester concedes the intersection of K.S.A. 21-6820(c)(1) and *Byrd* would bar consideration of his claim, he asks us to reconsider this longstanding precedent.

4

But we are duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). We have no such indication, and Mejia-Kester offers none. So, according to the longstanding rule laid out in *Byrd*, the district court was not bound by the plea agreement's recommended sentence. And based on K.S.A. 21-6820(c)(1), we lack jurisdiction to consider the guidelines sentences imposed by the district court on Mejia-Kester's felony convictions.

One more thing—K.S.A. 21-6820(c)(1) only applies to felony sentences. Mejia-Kester was also sentenced for two misdemeanors but does not suggest the district court abused its discretion or acted with vindictiveness in its imposition of the sentences for those charges. See *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019) (nongrid sentences imposed within the statutory guidelines are not to be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court); *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004) (the presumptive felony sentence statute is inapplicable to misdemeanor sentences); *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003) (a sentence within statutory limits will not be disturbed on appeal without a showing of abuse of discretion or vindictiveness by the sentencing court). Because he did not brief the issue of his misdemeanor sentences, that issue is deemed abandoned. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Because we lack jurisdiction to review the sentences on Mejia-Kester's felony convictions and he offers no argument on his misdemeanor sentences, we dismiss this appeal.

Appeal dismissed.