NOT DESIGNATED FOR PUBLICATION

No. 126,684

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY T. NESBITT III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed January 10, 2025. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PER CURIAM: In this direct appeal of his sentence, Leroy T. Nesbitt III claims two reversible errors. First, Nesbitt claims that the sentencing court violated his due process rights by relying on the victim's written statement to depart from the plea agreement's recommendations. Second, Nesbitt argues that the Kansas Supreme Court's longstanding precedent that plea agreements are not binding on sentencing courts should be abandoned. We find Nesbitt's arguments unpersuasive and accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with a plea agreement, Nesbitt entered a guilty plea to one count of aggravated battery, a severity level 7 person felony committed in April 2021. Under the agreement, at sentencing, both parties would jointly recommend that (1) Nesbitt's sentences should run consecutive; (2) Nesbitt would not request a modification of his sentence in a separate probation revocation case; (3) the court should reinstate and extend Nesbitt's probation; and (4) the court not impose Special Rule #9—allowing a sentencing court to sentence an offender to prison when a new felony is committed while the offender is on felony probation. See K.S.A. 21-6604(f)(1).

Nesbitt acknowledged, by signing the plea agreement, that he understood the sentencing court had discretion to reject the terms of the agreement. In addition, should the sentencing court reject the agreement, Nesbitt acknowledged he understood he would not have an opportunity to withdraw his plea.

At the plea hearing, the district court verified Nesbitt had read and understood the plea agreement and was knowingly and voluntarily entering his guilty plea. The court also orally confirmed Nesbitt understood the rights he would be forfeiting by pleading guilty and that the sentencing court would not be bound by the plea agreement. Satisfied with Nesbitt's responses, the district court accepted Nesbitt's guilty plea and found him guilty of aggravated battery.

*The sentencing court did not follow the parties' recommendations and applied the special rule to impose a prison sentence.*

Nesbitt's sentencing hearing was initially continued to allow the victim's attendance, but the victim did not appear at the rescheduled hearing and instead submitted a written statement the night before the hearing. The State did not request to read the statement—given the victim's failure to attend the hearing in person—but the sentencing

2

court read the statement on the record. The statement provided the victim's version of events that led to Nesbitt's crime, as well as some allegations concerning Nesbitt's character.

Following the victim's statement, the sentencing court asked for the parties' recommendations. Both parties requested that the court follow the recommendations of the plea agreement. The court then allowed Nesbitt to make his own statement before sentencing. Nesbitt primarily defended himself against the allegations made by the victim and other mitigating circumstances from Nesbitt's offense.

After hearing the statements from both the victim and Nesbitt, as well as both parties' arguments and recommendations, the sentencing court imposed a 20-month prison sentence with a postrelease supervision term of 12 months. The court reasoned that imposing the lowest minimum prison term in the sentencing grid was consistent with public safety, Nesbitt's needs, and the seriousness of the crime. The court also stated:

> "This is a very difficult decision. Ordinarily, I don't take a lot of time to consider, when the recommendation from the State is for not applying the special rule. But the criminal history and probation that was already in effect and then the letter from [the victim] have all come together to cause me to have a serious question about whether it would be appropriate to not revoke probation and not impose the prison sentence in this new case.
>
> I'm not going to do that. The special rule is there for a reason. I think this is a case where it should be applied; so I am not going to reinstate probation or suspend the sentence in this case. That sentence is imposed; the probation is revoked. And sentence is imposed to the probation case, without modification."

Nesbitt timely appealed.

*Did the sentencing court violate Nesbitt's due process rights?*

Nesbitt argues that the sentencing court violated his due process rights by relying on the victim's statement to reject the parties' joint recommendations in the plea agreement. Nesbitt claims that the victim's statement contained unproven and unfounded criminal allegations similar to that of an "unproven prosecutorial representation."

*This court lacks jurisdiction over appeals from presumptive sentences.*

Before this court can reach the merits of Nesbitt's claims, he must overcome an initial jurisdictional hurdle. Whether appellate jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019). Where jurisdiction is found to be lacking, the appeal must be dismissed.

This court lacks jurisdiction over an appeal "from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere," unless the appeal concerns the denial of a motion to withdraw a plea under K.S.A. 22-3210(d). *State v. Smith*, 311 Kan. 109, 112, 122, 456 P.3d 1004 (2020). Reviewing courts also lack jurisdiction over appeals from presumptive felony sentences or appeals which were the result of a plea agreement approved by the district court on the record. K.S.A. 21-6820(c)(1) and (2); see *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021) (appellate court ordinarily lacks jurisdiction to review presumptive sentences); see also *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015) (no jurisdiction to review sentences agreed to by parties and approved by the sentencing court).

Nesbitt did not file a postsentence motion to withdraw his plea under K.S.A. 22-3210(d)(2), and he admits that the sentencing court imposed the presumptive sentence

4

under the revised Kansas Sentencing Guidelines. See K.S.A. 21-6820(c)(1) (appellate courts shall not review presumptive sentences for felony convictions). We thus have no jurisdiction over his appeal. Nesbitt attempts to get around this jurisdictional hurdle by arguing he is not challenging the sentencing court's exercise of its discretion to impose a presumptive sentence. Rather, he is challenging the constitutionality of the procedure used by the court when it imposed his sentence. But even accepting Nesbitt's argument and assuming we have jurisdiction over his claim does not help Nesbitt because he is asking this court to abandon longstanding precedent and set a new standard for conducting plea proceedings.

Nesbitt argues his due process rights were violated by the sentencing court's "reliance on an eleventh hour written statement without providing him an opportunity to challenge its contents." He claims the court improperly relied on the victim's statement to "elevate" his sentence, claiming that it went "beyond that which was jointly recommended by the parties based on facts contained within a victim impact statement that [Nesbitt] disputed, and for which the State could not advocate." In his view, Nesbitt believes the sentencing court should have sua sponte determined the accuracy and trustworthiness of the victim's statement. He also argues the sentencing court failed to allow him to rebut the statement. Nesbitt therefore maintains the sentencing court violated his due process rights.

Nesbitt fails to distinguish how the procedure at his sentencing hearing differed materially from normal procedure. Victims of crimes in this state have a constitutional right to be heard at sentencing. Kan. Const. art. 15, § 15. Additionally, the victim's statement was made to the court, not a jury, and the court had the discretion to determine the weight, if any, to give to the statement. See *State v. Gideon*, 257 Kan. 591, 608, 894 P.2d 850 (1995).

Contrary to Nesbitt's claim that the sentencing court relied on the victim's statement alone to "elevate" his sentence, the court enumerated several reasons supporting its decision to impose the *presumptive* sentence in this case. The court reasoned that its determination was due to "the nature and the circumstances of the crime, the history, character, and the condition of the defendant, the lowest minimum term, which in the opinion of the Court, that is consistent with public safety, the needs of the defendant, and the seriousness of the crime."

Nesbitt fails to show how the sentencing court's reliance on the victim's statement, in addition to the other factors stated above, violated his due process rights. Further, the sentencing court allowed Nesbitt to respond, and he took that opportunity to dispute claims made by the victim. Neither defense counsel nor Nesbitt asked the court for a continuance or otherwise indicated that they wanted additional time to "challenge" the victim's written statement. They did not claim prejudice or unfair surprise at the hearing, either. The bottom line is the sentencing court was not bound by the plea agreement, and departing from the agreement and the parties' recommendations at sentencing did not violate Nesbitt's due process rights. We therefore find Nesbitt's due process claim lacks merit and affirm his sentence.

*Did the sentencing court err by rejecting the recommendations of Nesbitt's plea agreement?*

Nesbitt next argues the sentencing court erred by "refusing to honor a sentencing outcome agreed upon by the parties as part of his plea agreement with the State." Nesbitt concedes that the Kansas Supreme Court's holding in *State v. Byrd*, 203 Kan. 45, 453 P.2d 22 (1969), bars his claim. In *Byrd*, the court held "plea discussions and agreements should be premised upon an understanding that such agreements are not binding upon the trial judge." 203 Kan. at 50. And since *Byrd*, Kansas courts have applied the rule that recommendations from plea agreements are not binding on district courts at sentencing.

203 Kan. 45; see *State v. Beck*, 307 Kan. 108, 110, 406 P.3d 377 (2017) ("'[I]n Kansas both parties to a plea agreement assume the risk the sentencing court will impose a sentence different than the sentence recommended as part of the plea agreement because sentence recommendations made pursuant to a plea bargain are not binding on the trial court.'").

This court is duty-bound to follow Kansas Supreme Court precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Nesbitt has provided no indication that the Supreme Court is departing from the *Byrd* rule. Instead, he calls it an "unforgiving and unjust rule for anybody in [Nesbitt]'s position" because it gives the sentencing court absolute discretion to reject an agreed upon sentencing outcome and does not allow the defendant the opportunity to withdraw his plea. But our views on the fairness of the rule—even if we agreed with Nesbitt—do not empower us to overturn Supreme Court precedent.

Nesbitt also argues *Byrd* is based on outdated ABA Standards regulating the practice of negotiating plea agreements, which were drafted in 1967. Byrd argues the 1999 ABA Standards suggest a sentencing judge should "advise the defendant whether the judge accepts or rejects the contemplated . . . sentence concessions or whether a decision on acceptance will be deferred until after the plea is entered and/or a preplea or presentence report is received." He also argues these newer standards provide that "judges 'shall' allow plea withdrawal as a remedy for the defendant when electing not to follow an agreed upon sentencing outcome that the judge has previously concurred in, 'whether tentatively or fully.'" He also argues the Federal Rules of Criminal Procedure provide a better model than *Byrd* because section 11(c) contains a procedure by which a defendant and the State can enter a plea agreement that binds the sentencing court to honor an agreed upon sentencing disposition. Fed. R. Crim. Proc. 11(c)(1)(C). He asks us to create a new class of Kansas plea agreements akin to section 11(c)(1)(C) agreements.

ABA Standards and the Federal Rules of Criminal Procedure are not binding on this court—Kansas Supreme Court opinions are. While our Supreme Court may ultimately be persuaded by Nesbitt's arguments, he has not provided us the necessary tools to enact the sweeping changes he advocates. And while the ABA may have retreated from its previous position, Nesbitt has not provided evidence that our Supreme Court wishes to do so. Likewise, he has provided no legal authority for this court to follow the Federal Rules of Criminal Procedure rather than the Kansas Supreme Court. We therefore affirm Nesbitt's sentences.

Affirmed.