No. 49,270

STATE OF KANSAS, *Appellee*, v. MAYO MULLINS, *Appellant*.

(577 P.2d 51)

Opinion filed April 1, 1978.

*J. Michael Peters,* of Deer & Peters, of Wichita, argued the cause and was on the brief for the appellant.

*Marvin R. Cook,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, *Roger Skinner* and *Stephen E. Robison,* both assistant district attorneys, were on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Mayo Mullins was convicted of aggravated robbery, in violation of K.S.A. 21-3427, and he appeals. The sentence imposed was confinement for not less than 15 years, without parole eligibility until that minimum sentence is served.

Mullins contends that it was a denial of his constitutional right to trial by jury for the court to make a finding of fact, *i.e.,* that Mullins used a firearm in the commission of the offense, when the court invoked K.S.A. 1977 Supp. 21-4618 at the time of sentencing; that the evidence was insufficient to sustain the conviction; and that the court erred in admitting certain evidence, in failing to impose sanctions on the state, and in failing to instruct on simple robbery.

The robbery occurred at a Pizza Hut in Wichita about noon on February 26, 1977. Two employees, "Debbie" and "Keith," were the only employees in the building. Two black men entered; one

ordered a pizza from Debbie, and the other headed toward the restroom. Shortly thereafter, one of the men pointed a revolver at Keith, and ordered him to go to a small shed at the rear of the premises. A few minutes later Debbie came to the shed to get supplies; one of the men pointed a gun at her and told her to tear the strings from an apron and tie Keith; Debbie was unable to loosen the strings, so the men tied both Debbie and Keith. One of the men pulled Debbie's slacks and underwear down; she protested, and told him that she had gonorrhea. (She didn't.) He then left her alone, and she pulled her clothes up. The men took the money from the cash register and the safe with them when they left.

Both Debbie and Keith identified Mullins as one of the robbers. Debbie said one of the men had a revolver; she was not sure about the other. Keith said both men had a gun, or at least that at different times each man pointed a gun at Keith; it could have been the same gun.

Detective Godinez testified that Mullins told him that he (Mullins) was armed with a .38-caliber revolver when he entered the Pizza Hut, and that he used that weapon in the robbery. Detective Malone, called as a rebuttal witness, also testified that Mullins admitted participating in the robbery.

We turn first to what we consider the principal point raised in this appeal, one upon which we have not previously ruled: defendant's claim that the trial court denied defendant his constitutional right to a trial by jury when the judge, and not the jury, made a finding upon sentencing that the defendant used a firearm in the commission of the robbery. (Mullins was charged and convicted of using a "dangerous weapon.") There was no evidence, however, that Mullins used any weapon except a revolver. Be that as it may, K.S.A. 1977 Supp. 21-4618 does not come into play until after conviction, at the time of sentencing.

A similar question was presented to the Court of Appeals in the recent case of *State v. Kleber,* 2 Kan. App. 2d 115, 575 P.2d 900 (1978). The court said:

". . . Defendant argues that the mandatory provisions of K.S.A. 1977 Supp. 21-4618 may not be applied unless the question whether a firearm was used in the commission of the offense is determined in the affirmative by the trier of fact. It is undisputed that the jury was not instructed to determine, and did not determine, whether defendant committed the aggravated battery with the use of a firearm. . . .

"The cases relied upon by defendant are not controlling since they concern statutes from other jurisdictions wherein an additional and enhanced sentence may be imposed upon a defendant who commits a crime with a firearm. Such statutes frequently provide that one who commits a felony with a firearm may receive a separate sentence for the use of the firearm in addition to whatever sentence may be imposed for the felony. In construing such statutes, it has been held that the question as to whether a firearm was used must be determined by the trier of fact before the additional sentence may be imposed. *Jordan v. United States District Court for the Dist. of Col.,* 233 F.2d 362, 367 (D.C. Cir. 1956); *People v. Najera,* 105 Cal. Rptr. 345, 8 Cal. 3d 504, 503 P.2d 1353 (1972); *State v. Blea,* 84 N.M. 595, 506 P.2d 339 (1973); *Johnson v. State,* 249 Ark. 208, 458 S.W.2d 409 (1970). It has been said that such statutes define a new class of crimes by adding a new element, use of a firearm, and the existence of the new element requires an additional finding of fact. *State v. Blea,* supra, p. 342.

"We believe K.S.A. 1977 Supp. 21-4618 is distinguishable from those statutes of other jurisdictions construed in the cases cited by defendant. K.S.A. 1977 Supp. 21-4618, when read in conjunction with K.S.A. 1977 Supp. 22-3717(8), has the effect of imposing a mandatory minimum sentence for all Article 34 crimes in which the defendant used a firearm in the commission of the crime. *State v. Freeman,* 223 Kan. 362, 364, 574 P.2d 950. We have construed K.S.A. 1977 Supp. 21-4618 as precluding the suspension of sentence where defendant has been found guilty of an Article 34 crime with the use of a firearm. *Esters v. State,* 1 Kan. App. 2d 503, Syl. 4, 571 P.2d 32; *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559 [1978]. While K.S.A. 1977 Supp. 21-4618 limits the range of authorized dispositions available to the trial court in some instances, it does not create a new class of crimes, add a new element to the statutory definition of already existing crimes, or provide for an additional sentence. Use of a firearm under the statute is not made an element of the offense charged, and is only pertinent to the authorized disposition the court may consider in the event of a conviction.

"We believe the situation is analogous to sentencing under the provisions of the habitual criminal act, K.S.A. 21-4504. The State is not obliged to prove the prior conviction during the presentation of its evidence before the jury in such cases, and evidence of the prior conviction should be presented to the court after conviction. *State v. Loudermilk,* 221 Kan. 157, 161, 557 P.2d 1229; *State v. Messmore,* 175 Kan. 354, Syl. 1, 264 P.2d 911.

"Therefore, we conclude that the question of defendant's use of a firearm did not have to be submitted to the jury for determination. We do not believe the failure of the State to include in the information an allegation that the crime was committed with the use of a firearm precluded use of K.S.A. 1977 Supp. 21-4618 in denying defendant probation." (pp. 119-120.)

We agree with the construction given the statute by the Court of Appeals, and with the court's conclusions. K.S.A. 1977 Supp. 21-4618 does not add an additional element to the criminal offenses defined in Article 34; trial is to be conducted on the issues governing each offense, and the state is not obligated to charge, or to prove during trial, that the defendant used a firearm in the commission of the offense, in order that the statute be invoked.

We hold that whether a defendant used a firearm in the commission of an Article 34 offense is a matter to be determined by the trial judge at the time of sentencing. It need not be submitted to the jury.

Appellant argues that he was not sufficiently identified as one of the robbers, and that the "gun" might have been a toy. Two witnesses positively identified Mullins, and two detectives said Mullins admitted to them that he pulled the robbery. There was no evidence that the gun used was a toy; both store employees said one or more guns were used, and Mullins admitted to Detective Godinez that he (Mullins) used a .38-caliber revolver in the robbery. Clearly, the evidence was sufficient to support the conviction, and to withstand defendant's motion for judgment of acquittal. *State v. Holt,* 221 Kan. 696, 561 P.2d 435 (1977); *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290 (1973).

Detective Godinez testified during the state's case in chief as to Mullins' confession. Mullins later took the stand in his own behalf and denied that he told Godinez or anyone that he had been involved in the Pizza Hut robbery. On cross-examination he denied that he said anything about that robbery to Detective Malone. Malone was then called by the state in rebuttal; over objection he testified that Mullins told him that he (Mullins) and Craig Sanders pulled the Pizza Hut robbery; that Sanders had the gun; and that they got about $80.

Defendant claims the court erred in admitting Detective Malone's testimony, and in failing to impose sanctions against the state for failure to comply with a discovery order. It developed on trial that Detective Malone had prepared a one-page typewritten report, which the prosecutor had overlooked, but which was furnished to defense counsel before the cross-examination of Malone was completed. Under the circumstances, the trial court did not err in failing to impose sanctions on the state. The failure to furnish the report was inadvertent, the report was furnished in time to be useful to defense counsel, and we find no prejudice.

Detective Malone's testimony was admissible in rebuttal on the issue of whether Mullins had admitted participation in the robbery. We find no abuse of discretion in its admission. *State v. Emery,* 218 Kan. 423, 543 P.2d 897 (1975); *State v. Burnett,* 221 Kan. 40, 558 P.2d 1087 (1976); *State v. Clark,* 223 Kan. 83, 88-89, 574 P.2d 174 (1977).

Defendant claims error in the admission of evidence about the sexual molestation of Debbie. There was no contemporaneous objection to the mention of this incident during the state's opening statement, nor was any objection voiced to the testimony when it was received. The contemporaneous objection rule, K.S.A. 60-404, precludes use of the admission of this evidence as the basis for reversible error. *State v. Fisher,* 222 Kan. 76, Syl. 7, 563 P.2d 1012 (1977). And even if objection had been made, the sexual molestation was an integral part of the robbery, and the evidence was admissible. *State v. Ferris,* 222 Kan. 515, 517, 565 P.2d 275 (1977).

Finally, defendant claims error in that no instruction on simple robbery was given. The only evidence was that the robbery was accomplished with firearms; either defendant was guilty of aggravated robbery or he was guilty of no offense. There was no evidence upon which Mullins could have been convicted of simple robbery, and the trial court did not err in failing to instruct on it. *State v. Seelke,* 221 Kan. 672, 676, 561 P.2d 869 (1977); *State v. Burrow & Dohlmar,* 221 Kan. 745, 748, 561 P.2d 864 (1977).

We have examined each issue raised by the defendant, and find no error.

The judgment is affirmed.