No. 49,584

STATE OF KANSAS, *Appellee,* v. STEVEN R. MCCARTY, *Appellant.*

(578 P.2d 274)

Opinion filed May 6, 1978.

*Timothy J. Carmody,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Philip L. Sieve,* chief deputy district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from convictions of three counts of aggravated robbery (K.S.A. 21-3427). The defendant, Steven R. McCarty, was sentenced pursuant to the mandatory minimum sentence provisions of K.S.A. 1976 Supp. 21-4618, which applies to convictions of Article 34 crimes where the defendant used a firearm. The facts in the case are not greatly in dispute and are as follows: Count 1 involved the robbery of Griff's Drive-In restaurant in Kansas City, Kansas, on October 30, 1976. Two restaurant employees positively identified the defendant, Steven R. McCarty, as the robber who displayed a pistol and compelled them to hand over the restaurant's money. Count 2 involved the robbery of Miller's Retail Liquor Store in Kansas City on December 7, 1976. In this robbery the defendant's accomplice was identified as having a gun. Although the defendant McCarty was identified as one of the robbers, there was no testimony that he personally used a firearm. Count 3 involved a robbery of the Highway Oil filling station in Kansas City on December 16, 1976. According to the testimony of the station employee, the robbery was committed by the defendant McCarty and another man and it was the defendant McCarty who pointed a pistol at the employee and demanded all of the money on the

premises. Money was taken in each of the three robberies described in the three counts. The defense to each count was alibi. The only real issue presented at the trial was the identity of the defendant as one of the robbers.

As his first point on appeal, the defendant contends that the trial court erred in denying the defendant's request that the court submit to the jury a special question as to whether a firearm was used by defendant in the commission of each of the crimes charged. The record shows that, following introduction of the evidence in the case and after the parties had rested, the trial court showed both counsel the proposed instructions to be given to the jury. There were no objections to the instructions, but counsel for the defendant requested an additional verdict form so that the jury could find as a matter of fact whether or not the defendant had used a firearm in the commission of each of the three crimes. The trial court declined to give such an instruction. It did give the jury an elements instruction on each of the three counts which required the state to prove that the defendant was armed with a deadly weapon and that the property of each victim was taken under threat of bodily harm. The jury was further instructed that a handgun is considered a deadly weapon.

The defendant contends in support of his position that he has been sentenced under the mandatory sentencing law without an opportunity for a hearing on the factual issue whether he used a firearm in the commission of the crimes and that this was an issue of fact to be determined by the jury rather than the trial judge at the time of sentencing. The defendant also complains that at no time during the trial did the jury or judge make a specific finding of fact that the defendant used a firearm. Defendant maintains that under the circumstances he has been denied due process of law.

The issues raised under the defendant's first point are controlled by our recent decision in *State v. Mullins,* 223 Kan. 798, 577 P.2d 51 (1978). In *Mullins* we held that K.S.A. 1976 Supp. 21-4618 does not add an additional element to the criminal offenses defined in Article 34 of Chapter 21 of the Kansas Statutes Annotated and that the state is not obligated to charge, or to prove during trial, that the accused used a firearm in the commission of an Article 34 offense in order that 21-4618 be invoked. We further held that whether a defendant used a firearm in the commission

of an Article 34 offense is a matter to be determined by the trial judge at the time of sentencing. It need not be submitted to the jury. (*State v. Kleber,* 2 Kan. App. 2d 115, 575 P.2d 900.) The refusal of the trial court to submit to the jury the factual issue of whether the defendant used a firearm in the commission of the three robberies involved in this case did not deny the defendant his constitutional right to a trial by a jury nor due process of law.

Defendant further complains that the trial court never made a specific finding that the defendant had used a firearm in these robberies. The record shows otherwise. At the close of the evidence, and again on the denial of the defendant's motion for a new trial, the trial court stated that the evidence was clear that the defendant did in fact use a firearm during the commission of the robberies. On June 23, 1977, the trial court sentenced the defendant on each of the three counts for a term of not less than five years nor more than life, the sentences to run consecutively. The sentences were imposed under K.S.A. 21-4618. At the time the sentences were imposed, the defendant did not request a hearing before the judge to determine whether the defendant personally had used a firearm in the commission of each of the three robberies. At that time the trial court and counsel must have assumed that 21-4618 required a mandatory minimum sentence on a conviction of aggravated robbery if a firearm was used either by the defendant personally or by his accomplice in the robbery. Of course, the trial court and counsel did not have the benefit of our opinion in *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559, which was handed down on February 25, 1978. There we held that 21-4618 applies only to the defendant *personally* armed with a firearm at the time the crime is committed, not to an unarmed accomplice.

From the record we note that, following imposition of the original sentences, the defendant filed a motion to modify the sentences and on October 4, 1977, the sentences were modified so that the sentences under counts 2 and 3 were made to run concurrently but consecutively to the sentence under count 1. We have concluded that, under these circumstances, the defendant was not prejudiced by the court's imposition of a mandatory sentence for the robbery committed under count 2. As noted above, the testimony presented under count 2 was undisputed that the defendant did not *personally* use a firearm. The defend-

ant was sentenced under count 2 to the statutory minimum of five years to a maximum of life. Since the sentence on count 2 was made to run concurrently with the sentence on count 3, we have no hesitancy in finding that the defendant suffered no prejudice. The evidence was undisputed that the defendant personally used a firearm in the commission of the aggravated robberies included under counts 1 and 3. Hence, the mandatory minimum sentence of five years was required under those counts by K.S.A. 1976 Supp. 21-4618. Since the defendant did not suffer prejudice as the result of the imposition of a mandatory sentence on count 2, we find no reason to set aside the sentence or require a resentencing.

The defendant's other point on the appeal is that the trial court erred in refusing to permit defense counsel to cross-examine a police officer in regard to the defendant's request to submit to a polygraph test. We find this point to be without merit. It is the rule of this state that testimony in a criminal trial that a defendant either refused a polygraph test or offered to submit to one is not admissible into evidence. (*State v. Roach,* 223 Kan. 732, 576 P.2d 1082 [1978]; *State v. Emery,* 218 Kan. 423, 425, 543 P.2d 897 [1975].)

The judgment of the district court is affirmed.