No. 50,056

STATE OF KANSAS, *Appellee*, v. DALE A. ROBERTSON, *Appellant*.

(592 P.2d 460)

Opinion filed March 31, 1979.

*Clarence R. Wietham*, of Overland Park, argued the cause and was on the brief for the appellant.

*Dale Blair Watson*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, *Dennis W. Moore*, district attorney, and *Michael D. Reed*, assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of robbery (K.S.A. 21-3426). The defendant, Dale A. Robertson, was charged with aggravated robbery (K.S.A. 21-3427) but was convicted of the lesser offense. In sentencing the defendant, the trial court invoked the habitual criminal statute (K.S.A. 21-4504[2]). The defendant appeals from the judgment of conviction and the application of the habitual criminal statute in imposing sentence.

The facts in the case are not greatly in dispute and are as follows: A robbery occurred on December 14, 1977, at a convenience store in Olathe, Kansas. At 11:20 p.m., a man later identified as the defendant, walked into the store and was observed by two store employees, Gary Williams and Larry Williams. As Larry Williams was preparing to take the store receipts to his car, he heard the robber mumble something to Gary. Larry asked the robber what he had said and the robber replied, "This is a robbery. I want all your money." As he said those words, the robber put his right hand in his coat pocket and pointed the coat

pocket toward the store employees, acting as if there was a gun in the coat pocket. The robber then stated, "This is serious. It's a robbery. I want all your money." The victim, Larry Williams, testified that at the time he believed the robber had some type of gun or pistol in his pocket. In response to this threat, Larry Williams handed the envelope containing the day's receipts to the robber, who then asked, "Is there any more money?" At that time, he was still pointing the object in his pocket toward the two employees. The robber, on being informed that there was no more money, backed out the door warning the employees not to go near the telephone.

After the robber left the store, Larry Williams observed an automobile backing out of a parking space in front of the building next to the store. He was able to identify the defendant as the driver. Larry Williams judged the car to be a 1961 or 1962 white-over-blue Chevrolet Impala. Since the license plate was red and white, Williams assumed they were Missouri tags. In the interim, Gary Williams had called the police, who arrived shortly thereafter. When the police arrived, Larry Williams gave them a description of the robber and the automobile he used. After hearing a police dispatch describing the robber and the automobile, an Olathe police officer immediately suspected the defendant, Dale A. Robertson. The defendant's 1962 white-over-blue Impala, with an expired red and white Missouri license plate, was located at his parents' home in Olathe. Larry Williams was transported to that location by the police. It was his opinion that the automobile was identical to the one seen leaving the scene of the robbery. Through a window, Williams observed in the car a jacket similar to that worn by the robber.

After observing the defendant's automobile and jacket, Williams was taken to the Olathe police station and shown four photographs. The back of each of the photographs contained the name and birth date of the person shown. From the photographs, Larry Williams positively identified the defendant as the person who had robbed the store. Williams also made a positive in-court identification of the defendant at the preliminary examination and again at the trial. The defendant was apprehended at Kansas City International Airport the morning after the robbery, while waiting to board the 1:45 a.m. flight to Atlanta, Georgia. At the time of his arrest, Robertson was carrying $529 in cash and a

ticket for the Atlanta flight. At the trial, the primary issue was the identity of the defendant as the robber.

As his first point on the appeal, the defendant contends that the trial court erred in refusing to dismiss the charge of aggravated robbery on the basis that the evidence presented in the case was insufficient to establish that the defendant was armed with a dangerous weapon at the time of the robbery. In support of his position, the defendant points out that no one actually saw a gun or any other dangerous weapon, that the robber did not expressly inform the store employees that he was armed or had a gun, that no excessive bulge was observed in the robber's pocket prior to the time he put his hand into his pocket, and that no gun was ever recovered in the investigation. From these facts, the defendant argues that he should not have been charged with aggravated robbery.

We have concluded that the question of whether the defendant was armed with a dangerous weapon at the time of the robbery was one of fact for the jury to determine. It was not necessary for the State to show that the robber actually exhibited the weapon to the victim in order to raise a jury question. The only requirement was that there be some substantial evidence which raised a reasonable inference that the defendant was armed. As this court pointed out in *State v. Buggs,* 219 Kan. 203, 547 P.2d 720 (1976), the aggravated robbery statute (K.S.A. 21-3427) requires only that the robber be "armed with" a dangerous weapon, not that the robber openly display the weapon to the victim. Here the victim, Larry Williams, testified that the actions of the defendant in the store led him to believe that the defendant had a pistol or some other type of weapon. The conduct of the defendant, coupled with his statements at the time, constituted circumstantial evidence that the defendant was armed with a firearm. The fact that the jury chose to find the defendant guilty of simple rather than aggravated robbery does not mean that the evidence was insufficient to support the original charge. It means only that the jury had a reasonable doubt as to whether the defendant was armed and, therefore, acquitted the defendant of the greater offense. We hold that the trial court did not err in submitting to the jury the charge of aggravated robbery.

As his next point on the appeal, the defendant contends that the trial court erred in refusing to suppress the photographic iden-

tification of the defendant by Larry Williams. It is the defendant's position that the victim, Williams, probably knew Robertson's name from hearing the police mention him as a suspect and that the photographic identification was undoubtedly suggestive since Robertson's name and address were written on the back of his photograph. The trial court considered the question at a pretrial hearing and, from the evidence presented, found the motion to suppress to be without merit. The evidence supports the finding of the trial court. At the trial, the identification of the defendant by the victim, Williams, was positive and without hesitation and the defendant did not object to it. On the basis of the record, we cannot say the trial court erred in refusing to suppress either the photographic identification or the in-court identification of the defendant by the victim, Larry Williams.

The last point raised on the appeal is that the trial court erred in enhancing the sentence by application of the habitual criminal statute (K.S.A. 21-4504). Although defendant admits he has had numerous felony convictions, he maintains that in each instance he was placed on probation and never was confined in a penal institution. The defendant argues that it is manifestly unfair for the court to sentence him as an habitual offender on the first occasion he is actually to serve a term in prison. We find no merit to this contention: It has long been the law of this state that it is the conviction of a prior felony which triggers the imposition of the habitual criminal statute not the punishment adjudged at the time of the prior conviction. See *LeVier v. State,* 214 Kan. 287, 520 P.2d 1325 (1974); *State v. Frizzell,* 137 Kan. 35, 19 P.2d 694 (1933). This rule, which has been often applied to the habitual criminal statutes which preceded the enactment of the present criminal code, is also applicable to K.S.A. 21-4504. The point is without merit.

The judgment of the district court is affirmed.

HERD, J., not participating.