No. 51,741

STATE OF KANSAS, *Appellee,* v. REBECCA L. HARRISON, *Appellant.*

(618 P.2d 827)

Opinion filed November 1, 1980.

*Randall H. Elam,* of Wichita, argued the cause and was on the brief for the appellant.

*Beverly Dempsey,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant, Rebecca L. Harrison, was convicted of aggravated robbery (K.S.A. 21-3427). The conviction stems from the robbery of a Town and Country Store in Wichita on May 28, 1979. The facts surrounding the robbery are not in dispute and essentially are as follows: On May 28, 1979, a State's witness, who lived across the street from the store, noticed a red station wagon parked near the store. He saw the driver get out of the car, approach the store, and look in the window. The driver then got back in the car and left the store without entering. The witness saw the car return later that evening, at which time the car was again parked and this time the driver entered the store. An employee at Town and Country testified that at 10:45 p.m. defendant entered the store and demanded money. When the employee hesitated, defendant stated in substance, "Give me your . . . money or I'll shoot your . . . guts out." The defendant then raised her shirt revealing a white-handled object which the employee believed to be a gun. The employee handed the store's money over to defendant who immediately left with the loot. The police, having obtained a description of the red

station wagon, observed defendant's vehicle parked in front of her residence. The station wagon was identified by the witness as the red station wagon previously observed that evening. The police then returned to defendant's house. She was identified by the store employee as the woman who had just robbed her. Following defendant's conviction, the court sentenced defendant to imprisonment for a period of five to twenty years and further denied her probation in accordance with K.S.A. 1979 Supp. 21-4618 on the grounds that a firearm was used in the commission of the robbery. The defendant appealed her conviction and the mandatory sentence.

Defendant's first point on the appeal is that the trial court erred in refusing to permit her to introduce certain proffered evidence to prove the defense of compulsion. The trial court rejected the proffered evidence on the basis that it was insufficient as a matter of law to sustain the defense of compulsion under K.S.A. 21-3209. The evidence proffered by the defendant was substantially as follows: Defense counsel stated on the record that, if permitted, defendant would testify that on the evening in question, May 28, 1979, she was at a residence owned or rented by Phil Heath and that there were two other women present. Defendant would testify that Heath took her into his bedroom, produced a gun, and told her that he would use the weapon on her unless she committed the robbery in question. Defense counsel further stated that a subpoena had been issued for Heath but that the sheriff's office had been unable to serve the subpoena. At the trial, defendant was permitted to expand her proffer to include additional testimony that defendant was fearful, not only for her own life, but also for the lives of her children if she did not complete the crime as demanded by Heath. Counsel also stated that at the time defendant returned from the Town and Country Store, Heath was present at the residence and actually received the money from the robbery.

The trial court refused to admit the proffered testimony on the grounds that there was no imminent danger established by the defendant as required by K.S.A. 21-3209 which states as follows:

"21-3209. Compulsion. (1) A person is not guilty of a crime other than murder or voluntary manslaughter by reason of conduct which he performs under the compulsion or threat of the imminent infliction of death or great bodily harm, if he reasonably believes that death or great bodily harm will be inflicted upon him or

upon his spouse, parent, child, brother or sister if he does not perform such conduct.

"(2) The defense provided by this section is not available to one who willfully or wantonly places himself in a situation in which it is probable that he will be subjected to compulsion or threat."

The leading Kansas case on the defense of compulsion is *State v. Milum,* 213 Kan. 581, 516 P.2d 984 (1973). In *Milum,* we held that compulsion, under K.S.A. 21-3209, requires as an element a threat of the *imminent* infliction of death or great bodily harm in order to constitute a defense to a criminal charge and that a threat directed at some indefinite time in the future is not sufficient. In support of its position the court in *Milum* cited the general statement at 22 C.J.S., Criminal Law § 44 which sets forth the elements of the defense in the following language:

" 'The compulsion or coercion which will excuse the commission of a criminal act must be present, imminent, and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily harm if the act is not done; it must be continuous, and there must be no reasonable opportunity to escape the compulsion without committing the crime. A threat of future injury is not enough, particularly after danger from the threat has passed.' " p. 582.

In our judgment, *Milum* is controlling and dispositive of this case. The general rule followed throughout the country is that in order for the defense of compulsion to be established it must be shown that the accused was without a reasonable opportunity to escape or withdraw from the criminal activity. *People v. Colone,* 56 Ill. App. 3d 1018, 14 Ill. Dec. 592, 372 N.E.2d 871 (1978); *Hill v. State,* 135 Ga. App. 766, 219 S.E.2d 18 (1975); *State v. Kearns,* 27 N.C. App. 354, 357, 219 S.E.2d 228 (1975).

Under the proffered facts here, assuming that they are true, the defendant, having been threatened by Heath, left his house in her own car, drove away, and committed the robbery. There was nothing to prevent her from driving to the police authorities to report the threats made to her. The vague reference to her children is not sufficient to show that there was a present, imminent, and impending threat of direct or serious bodily injury to either herself or her children. She did not propose to testify that the children were in the custody of Heath at his house when she committed the robbery. Such testimony would have changed the factual situation and possibly made the defense of compulsion a factual issue for the jury. We hold that the trial court was correct in excluding the proffered evidence, because the proffered testimony of defendant would not, as a matter of law, establish the

defense of compulsion under K.S.A. 21-3209, since the threat of death or serious bodily injury would not be imminent as required by that statute.

Defendant next maintains that the trial court erred in admitting into evidence her statement to the police officer admitting ownership of the red station wagon. It is her position that the admission infringed upon her constitutional protection against self-incrimination. In this case, the trial court conducted a full *Jackson v. Denno* hearing where the police officer testified that defendant was twice given the *Miranda* warnings and that during the questioning she appeared calm and knew what was going on. Defendant herself recalled being told at least once that she did not have to answer the police officer's questions and she understood she did not have to respond. Under the totality of the circumstances, the trial court found that defendant's statements were voluntarily and freely given after she had been advised of her *Miranda* rights. The court's findings are supported by substantial evidence. There was no error in the admission of defendant's statement concerning the ownership of the station wagon. *State v. Tillery,* 227 Kan. 342, 606 P.2d 1031 (1980).

Finally, defendant contends that the trial court erred in imposing a mandatory sentence pursuant to K.S.A. 1979 Supp. 21-4618, because a firearm was used in the perpetration of the robbery. Defendant's argument is that, if a firearm was never fully exhibited during defendant's confrontation with the store employee, the statute cannot be applied. Here the evidence was clear that the store employee observed what she identified as the handle of a gun. In addition, defendant threatened to shoot the employee unless the store's money was handed over to defendant. This evidence was sufficient to support the finding of the district court that a firearm was used in the robbery. *State v. Robertson,* 225 Kan. 572, 574, 592 P.2d 460 (1978).

The judgment of the district court is affirmed.