No. 53,590

STATE OF KANSAS, *Appellee,* v. JIM W. HARRISON, *Appellant.*

(646 P.2d 493)

Opinion filed June 11, 1982.

*Kenneth C. Kimmel,* of Wichita, argued the cause and was on the brief for the appellant.

*Cris Senseman,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Jim W. Harrison appeals from a conviction of aggravated robbery and a sentence entered under the provisions of the mandatory sentence statute, K.S.A. 21-4618. On a first offense appellant was sentenced to a period of five to twenty years and probation or suspension of sentence could not be granted by reason of the court's finding at the sentencing hearing that a firearm was used in the commission of the crime.

The appellant admitted that he entered a liquor store in Wichita, Kansas, and robbed it. He told Peggy L. Thomas, the clerk at the store, that he had a gun. However, during the sentencing procedures, he denied having a gun. The main, if not the only, factual dispute in the case concerned whether a gun was used by

Harrison in the commission of the robbery. He was charged by information with aggravated robbery while armed with a handgun.

During the preliminary hearing it became apparent that Ms. Thomas had not seen the gun Mr. Harrison was professed to have. Defense counsel determined at that time he would defend the case by establishing no gun was used, thereby sparing his client, a first offender, from a mandatory sentence under 21-4618.

Just prior to trial plea bargain negotiations occurred and the assistant district attorney then learned that Ms. Thomas would not testify a gun was used by Harrison. Pursuant to discussions with Ms. Thomas and after a review of the police reports which were in the State's file, the following agreement was reached as shown by the statements of counsel in front of the sentencing judge:

> "Mr. Moses [assistant district attorney]: . . . In addition to dismissing count one in the complaint/information, the State has also agreed to recommend that the defendant be sentenced to the minimum sentence in this case, that being not less than five years and not more than twenty years. The State has also agreed to advise the Court that the *evidence* presented at trial *would show* that neither one — or excuse me, *that the victim in count two did not actually see a handgun in the possession of the defendant;* however, the threat and suggestion that he did have a handgun was made, and on the basis of that we would recommend or suggest to the Court that the mandatory minimum under K.S.A. 21-4618 would not apply.
>
> . . . .
>
> "Mr. Kimmel [defense counsel]: It's my understanding, Your Honor, that since on trial it's our belief that the evidence would not disclose any gun was used, that this defendant would enter a plea to aggravated robbery and the Court would consider making the finding, as the jury would be asked to make the finding, that *no gun was used." Emphasis supplied.*

Judge Helsel thoroughly advised defendant about the effects of entering a plea. The judge read the charges to the defendant who indicated to the court that he understood them. Judge Helsel explained to Mr. Harrison that by entering a plea he was waiving his right to a jury trial and the right to confront the witnesses against him. He advised defendant of the burden of proof the State would have to meet in a trial; the right of appeal from a jury trial; and the right not to incriminate himself. The court pointed out to Mr. Harrison that "if you plead guilty you admit that you did what the State says that you did," to which defendant replied he understood. Judge Helsel advised the defendant that he was

not bound by the recommendation of the State made pursuant to plea bargain negotiations. The defendant understood that his sentence could be "five to twenty or fifteen to life," and a fine could be imposed. The defendant then entered a plea of guilty, explaining:

"THE DEFENDANT: I went into the liquor store and I did tell the clerk that I had a gun. I still don't know why I did it; I know it was a terrible mistake, but I did do it.
"THE COURT: Did you take some money then?
"THE DEFENDANT: Yes, I did, Your Honor."

Judge Helsel accepted defendant's plea, finding that Mr. Harrison had "voluntarily, knowingly, understandingly and intelligently waived his Constitutional rights and entered a plea of guilty to the charge, that there is a factual basis for the plea and that he has done this understanding the nature of the charge and the consequences of such a plea." The court ordered the preparation of a presentence investigation.

The defendant was scheduled to be sentenced on July 9, 1981, at which time the State was represented by Assistant District Attorney James E. Puntch, Jr., as Mr. Moses was unavailable. Mr. Kimmel and Mr. Harrison were present as well. Judge Helsel indicated that it was his belief from the police reports he had reviewed that a gun had been used in the commission of the crime. Judge Helsel sentenced the defendant to serve a term of from five to twenty years in the custody of the Secretary of Corrections. The question of whether or not a firearm was used in the commission of the crime was reserved until later that day, presumably so Mr. Moses could be present.

At 1:30 p.m. on July 9, 1981, Mr. Moses, Mr. Kimmel and the defendant appeared before Judge Helsel. After the morning session in court, defendant wished to withdraw his plea. Request by counsel for defendant to withdraw the guilty plea entered June 22, 1981, was made part way through the 1:30 p.m. court appearance. The court overruled the defendant's oral motion to withdraw the plea, noting that it was not going to require a written motion under the circumstances. Under K.S.A. 22-3210(7) a plea of guilty may be withdrawn for good cause shown and within the discretion of the sentencing court on motion filed prior to the sentence adjudication. *Burden v. State,* 225 Kan. 549, Syl. ¶ 1, 592 P.2d 451 (1979).

Throughout the 1:30 p.m. hearing, defense counsel persistently and vehemently objected to the court's finding that a gun had been used during the commission of the robbery. Mr. Kimmel advised the court that the plea agreement had been based on the State's recommendation to the court on the sentence and their interpretation of what the evidence would show. The defendant objected to the court's use of police reports in making a determination that a gun was used. Defense counsel argued that there had been a mutual mistake of the facts in the case. Mr. Kimmel admitted that he did not ask the district attorney to dismiss the charge against defendant and then refile it after excising all references to the use of a gun.

Refusal to follow recommended charge and sentence concessions is not in itself sufficient to constitute good cause for withdrawal of a guilty plea entered before sentence, provided the defendant was clearly advised by the court prior to entering his plea that the court was not bound by any charge and sentence concessions, and defendant was then offered a chance to withdraw said plea. *Burden v. State,* 225 Kan. 549, Syl. ¶ 2.

Assistant District Attorney Moses iterated his understanding of the plea agreement and candidly explained that upon further reflection he had not reviewed his evidence as completely as perhaps he should have prior to making the plea agreement. For the purposes of determining any factual issue that might arise during the sentencing, Mr. Moses had arranged to have the investigating officer that had interviewed the defendant following his arrest, Detective Bruce, present in the courtroom and available for questioning that afternoon.

The court remained steadfast in its decision, pointing out to the defendant that it is the duty of the sentencing court and not the jury to determine if a firearm has been used in the commission of a crime for the purposes of K.S.A. 21-4618. Judge Helsel iterated that plea agreements reached between the State and the defendant are not binding on the court, and reminded the defendant that he had been so advised at the time the plea was entered. The court sentenced the defendant to a term of from five to twenty years in the care and custody of the Secretary of Corrections, as he had earlier in the day, and found that a firearm was used in the commission of the crime and so invoked the mandatory sentencing provision. This appeal followed.

Evidence that a gun was used in the commission of the crime was scanty. This court is asked to determine there was insufficient competent evidence to support a finding that the defendant used a firearm in the commission of the crime. In the present case no trial was had and no witnesses testified to the facts and circumstances surrounding the crime. Pursuant to the plea negotiations the defendant entered a plea of guilty, the prosecutor stated to the court that the victim did not actually see a handgun, and that the State recommended or suggested to the court that the mandatory minimum sentence requirements not be applied. The defendant and his attorney stated that no gun was used, but no evidentiary hearing was afforded defendant to enable him to attempt to establish that fact at sentencing. When it became apparent the judge was going to impose the mandatory provision, counsel for Harrison immediately moved to withdraw the plea. The motion was summarily denied.

The rules concerning the imposition of mandatory minimum sentences under K.S.A. 21-4618 were summarized in *State v. Mack,* 228 Kan. 83, 85, 612 P.2d 158 (1980), as follows:

"For the statute to be applicable, the State must establish, and the sentencing court must find, that the firearm was an instrumentality of the crime. *State v. DeCourcy,* 224 Kan. 278, 281, 580 P.2d 86 (1978). The State is not obligated to charge, or to prove during trial, that the defendant used a firearm in the commission of the offense. Whether a defendant used a firearm in the commission of an Article 34 offense is a matter to be determined by the trial judge at the time of sentencing. It need not be submitted to the jury. *State v. McCarty,* 224 Kan. 179, 180-81, 578 P.2d 274 (1978); *State v. Mullins,* 223 Kan. 798, 800-01, 577 P.2d 51 (1978). We emphasized in *State v. Quick,* 226 Kan. 308, 318-19, 597 P.2d 1108 (1979), that the sentencing judge should make a finding which *specifies who* used the firearm. On appeal, the scope of review of sentencing under 21-4618 is limited to whether there was competent evidence to support a finding that the defendant used a firearm in perpetrating the crime. *State v. Bryant,* 227 Kan. 385, 388, 607 P.2d 66 (1980); *State v. Taylor,* 225 Kan. 788, 795, 594 P.2d 211 (1979)."

In *State v. Mack* it was held the failure of the sentencing judge to hold an evidentiary hearing did not constitute prejudicial error when in the trial of the case the evidence introduced clearly indicated the use of a gun. However, when sentencing is based on a plea of guilty and the defendant denies using a gun in committing the crime, the trial court should be required to hold an evidentiary hearing on the record so that this court may review the sufficiency of that evidence. In the present case reference has been made to police investigation reports which were not made a

part of the record before us. Further reference is made to a presentence report obtained by the judge prior to sentencing. We cannot speculate as to its contents. No officer testified at the time of sentencing, although the record indicates one was present in court.

The question of allowing or denying a motion to withdraw a plea of guilty so as to proceed to trial is never an easy question. The question of when withdrawal should be permitted was addressed in *Burden v. State,* 225 Kan. 549, 551, where it is said:

"Our statute on withdrawal of pleas, K.S.A. 22-3210(7), provides;

" 'A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.'

"It should be noted that the withdrawal of a plea of guilty *before sentence* is 'for good cause shown and within the discretion of the court.' *After sentence* the court may set aside the judgment of conviction and permit the defendant to withdraw his plea '[t]o correct manifest injustice.' "

In our present case the motion to withdraw the plea was filed during the sentencing proceeding. The judge had accepted the plea and adjudged a sentence covering a period from five to twenty years, but had recessed the proceedings until after lunch when Mr. Moses could be present. The decision had not been made as to imposition of the mandatory minimum sentence. Under these circumstances the motion for withdrawal must be considered as made before sentence. When withdrawal of the plea is requested before sentence it may be allowed for good cause shown and within the discretion of the court. The burden is less in such case than when the request is made after sentence. After sentence the court may set aside the judgment of conviction and permit withdrawal of the plea only to correct manifest injustice.

Under the facts and circumstances of this case we believe good cause was shown to permit withdrawal of the guilty plea and the trial court abused its discretion in refusing the same. The sole witness, the victim of the crime, would have testified if called that she saw no gun used by defendant. The defendant would have testified no gun was used. On the basis of these known facts the prosecutor advised the court and recommended that the mandatory minimum sentence provision of the statute not be applied. This recommendation as well as the plea was pursuant to plea

negotiations. Of course, such a recommendation is not binding on the court. However, at sentencing the judge did not hold an evidentiary hearing and no evidence as to use of a gun was in the record. When the sentencing judge was advised of the reason for requesting withdrawal of the plea of guilty, he summarily denied the motion and adamantly adhered to his previous opinion, formed in the absence of any sworn evidence that a firearm had been used in committing the crime.

The judgment of conviction is reversed, the motion to withdraw the plea of guilty is granted, and the case is remanded for further proceedings.

McFARLAND, J., concurring: I concur in the result reached by the majority but not as to its rationale.

Inasmuch as there has been no trial in this case, the facts are rather sketchy. Defendant went into the store and told the clerk he had a gun. There is some indication the threat was accompanied with a gesture indicating the location of the firearm on defendant's person. The clerk apparently did not actually see the gun, but turned over the money after being advised defendant was armed with a gun. Defendant was arrested shortly thereafter in possession of a gun and advised the arresting officers he had used a gun in the robbery. Defendant was charged with aggravated robbery. Defendant pled guilty to aggravated robbery, admitting to the judge he had told the clerk he had a gun.

Aggravated robbery is defined by K.S.A. 21-3427 as follows:

"Aggravated robbery is a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery."

The clerk was not the victim of bodily harm. Therefore the defendant, to be guilty of aggravated robbery, must be armed with a "deadly weapon." The only possible deadly weapon herein is a gun. Without a deadly weapon or bodily harm, the defendant's plea could only have been accepted for simple robbery (K.S.A. 21-3426). A gun need not actually be displayed to a victim in order to constitute aggravated robbery or use of a firearm for mandatory sentencing purposes. *State v. Robertson,* 225 Kan. 572, 574, 592 P.2d 460 (1979); *State v. Harrison,* 228 Kan. 558, 561, 618 P.2d 827 (1980). By pleading guilty to aggravated robbery, which specifically charged defendant was

armed with a gun, defendant legally admitted both possession and use of a firearm.

This case may be distinguished from *State v. Mack,* 228 Kan. 83, cited in the majority. The *Mack* case involved two robbers, only one of whom had a gun. For conviction purposes it mattered not which robber had the gun. For mandatory sentencing purposes, however, it was necessary to determine which robber had the gun. Such determination must be made by the trial court upon sentencing. This additional finding requires evidence unnecessary to the conviction itself. In the case before us there is no issue of which of two robbers used the gun. If defendant is guilty of aggravated robbery at all, he used a firearm in the commission of the crime.

The majority opinion holds:

"[W]hen sentencing is based on a plea of guilty and the defendant denies using a gun in committing the crime, the trial court should be required to hold an evidentiary hearing on the record so that this court may review the sufficiency of that evidence."

This reasoning leads to the interesting result that one can plead guilty to aggravated robbery based on being armed with a gun, but deny the presence of the gun for sentencing purposes. The trial court then is required to try the gun question before the mandatory sentence may be imposed. If the trial court finds no gun was used, where does that leave the aggravated robbery plea? Defendant stands at that point convicted of aggravated robbery, not involving a deadly weapon or bodily harm—an impossibility under Kansas law.

I believe the better rationale to be as follows. Clearly, a mutual mistake existed at sentencing as to the plea bargain agreement reached by the two counsel and defendant. All three went before the trial court assuming mandatory sentencing was no longer a court option. The questioning of the defendant by the trial court relative to defendant's understanding of the effects of the plea bargain did not reach the mandatory sentencing issue. The ostensible removal of defendant's exposure to mandatory sentencing was a major factor in defendant's acceptance of the plea bargain, and it is likely defendant would not have pled guilty in its absence.

To borrow a phrase from civil cases, defendant did not make an "informed consent" to the plea bargain. In the name of basic

fairness, the unique circumstances herein require that defendant be permitted to withdraw his plea of guilty.