83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Xuan Hiep LE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-9532.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner seeks review of the decision of the Board of Immigration Appeals (BIA) denying his motions to reopen the proceedings and to reconsider his request for a waiver of deportability under 8 U.S.C. 1182(c). We have jurisdiction to review the BIA's decision under 8 U.S.C. 1105a, and we affirm.
 The immigration judge (IJ) found that petitioner was deportable on two grounds, one of which was conviction of a firearms offense. See 8 U.S.C. 1251(a)(2)(C) (providing that any alien convicted of using or possessing a firearm in violation of any law is deportable). The IJ further concluded that, in light of the firearms conviction, petitioner was ineligible for a waiver of deportability under 1182(c). See, e.g., Matter of Montenegro, Interim Decision 3192 at 4 (BIA 1992); Chow v. INS, 12 F.3d 34, 38 (5th Cir.1993).
 After failing to perfect a timely appeal of the IJ's decision to the BIA, petitioner filed the present motions to reopen and to reconsider. A motion to reopen, which seeks a new decision based on additional evidence, must present new material evidence not previously available. See 8 C.F.R. 3.2. A motion for reconsideration must establish that the earlier decision was erroneous in some respect. See Turri v. INS, 997 F.2d 1306, 1311 n. 4 (10th Cir.1993). We review the denial of either motion under an abuse of discretion standard. Id. at 1311 (motion to reopen); Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994)(motion to reconsider).
 At issue is whether petitioner's Kansas conviction based upon his plea of guilty to aggravated robbery constitutes a conviction for using or possessing a firearm. For robbery to be "aggravated" under Kansas law, the offender must either have been armed with a deadly weapon or have inflicted bodily harm. Kan. Stat. Ann. 21-3427. The criminal complaint here alleged that the robbery was committed with a handgun.
 Although petitioner admits that a firearm was used in the robbery, he contends that the trial court found that he was not personally armed. As evidence of this determination, petitioner points to the trial court's failure to sentence him under Kan. Stat. Ann. 21-4618, which imposes a mandatory minimum sentence for use of a firearm in the commission of a robbery, among other offenses. See State v. McCarty, 578 P.2d 274, 276 (Kan.1978)(noting that section 21-4618 "applies only to the defendant personally armed with a firearm at the time the crime is committed, not to an unarmed accomplice," and that whether the particular defendant used a firearm in the commission of the offense "is a matter to be determined by the trial judge at the time of sentencing"). Therefore, petitioner argues, he was not actually convicted of possessing or using a firearm.
 The BIA did not abuse its discretion in concluding that, even if petitioner was not personally armed with the handgun, he was still convicted of using and possessing a firearm in violation of Kansas law. "A plea of guilty is the equivalent of admitting all material facts alleged in the charge." United States v. Kelsey, 15 F.3d 152, 153 (10th Cir.1994). Here, the criminal complaint to which petitioner pled guilty alleged that petitioner took a bag of money from Louisa Cheung "by threat of bodily harm to the person of Louisa Cheung while the said Xuan H. Le was armed with a dangerous weapon, to wit: a hand gun." R. at 553.
 Therefore, petitioner's guilty plea constituted an admission that he used a firearm, see State v. Harrison, 646 P.2d 493, 497-98 (Kan.1982)(McFarland, J., concurring), which was sufficient to sustain his deportability under 8 U.S.C. 1251(a)(2)(C). See Larios-Mendez v. INS, 597 F.2d 144, 146 (9th Cir.1979). The sentencing court's subsequent determination that petitioner was not personally armed with the firearm did not affect the basis of his conviction; it was relevant only to his sentence. See Harrison, 646 P.2d at 498 (McFarland, J., concurring); McCarty, 578 P.2d at 276.
 
 
 1
 The decision of the Board of Immigration Appeals is AFFIRMED, and the petition for review is DENIED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3